## ALLEN *vs.* YOUNG.

1. Writings in evidence which are copied in the pleadings need not be set out or copied in the bill of exceptions.
2. The effect of accepting a special guaranty that a fertilizer is of a given analytical standard, with restriction of the seller's liability accordingly, and excluding practical results, is to entitle the purchaser to a commodity corresponding chemically in all respects with the standard  The means of test may not be exclusively direct ; possibly there may be indirect means also; but actual production is neither, without evidence as to cultivation, season, soil, etc.
3. Parol evidence in conflict with the writing is not admissible, fraud of a nature to avoid the writing not appearing.

Practice in the Supreme Court.  Sales.  Warranty.  Evidence.  Before Judge Crawford.  Talbot Superior Court. September Adjourned Term, 1878.

Young brought complaint against Allen, in the statutory form, on two notes, payable to Pacific Guano Company, or bearer, one dated March 31, 1877, for $70.00, the other dated May 16, 1877, for $35.00, both due on October 15, after date, given for "Pacific Guano."  The notes contained this stipulation :  "It is further agreed that I purchase the fertilizer for which this writing is given in settlement, entirely upon the basis of the analytical standard guaranteed by the company, and will in no event hold it responsible beyond such standard, nor in anywise for practical results."

The defendant pleaded the general issue, and failure of consideration, in this that the analytical standard guaranteed by the Pacific Guano Company, constituted a good and valuable fertilizer, whilst the article sold to him did not come up to such standard, failed to contain the same ingredients, and in the like quantities and proportions as in such standard, and was defective and worthless as a fertilizer.

He also pleaded partial failure of consideration in this, that Jenkins, the agent selling the fertilizer, falsely represented it to be equal to and like the said standard, whilst it was only one-fifth the value of that.

The plaintiff introduced the notes sued on, and closed.

The defendant introduced the admission of plaintiff that the two notes were given to him for " Pacific Guano ;" that the Pacific Guano Company had issued its guaranteed analytical analysis, and warranted the article to come up to that standard ; that that analysis constituted a good fertilizer.

The defendant introduced James Allen, who testified that he was present when Jenkins, the agent of the Guano Company, sold to defendant the fertilizer for which the notes sued on were given.

Defendant asked the witness what representations or warranty Jenkins made about the guano ?   To this question objection was made, which was sustained by the court, and defendant excepted.

Defendant asked if Jenkins warranted or represented the guano to be good ?   A similar objection to this question was sustained, and defendant excepted. ·

Defendant then asked if witness knew the crop on which defendant placed the guano, and the effect it had on its production ?   A similar objection to this question was sustained, and defendant again excepted.

The jury found for the plaintiff.   Error was assigned upon each of the above grounds of exception.

When this case was called, counsel for defendant in error moved to dismiss it because the notes sued on and introduced in evidence were not embodied in the bill of exceptions.   It will be observed that no motion for a new trial was made.   Hence there could be no brief of evidence in the record.   The bill of exceptions recited that " the plaintiff read in evidence the two promissory notes sued on, copies of each of which are attached to the plaintiff's declaration."   These copies, thus attached, were in the record.

The court overruled the motion.

Marion Bethune; J. M. Mathews, for plaintiff in error, cited 49 *Ga.*, 620 ; 53 *Ib.*, 625.

Willis & Willis, by Z. D. Harrison, for defendant.

Allen *vs.* Young.

BLECKLEY, Justice.

1. In statutory complaint, the writings declared upon, copies thereof being annexed to the declaration, are a part of the pleadings, and must necessarily come to this court in the transcript of the record. As to them, therefore, it ·is enough for the bill of exceptions to state that they were introduced in evidence. The writ of error will not be dismissed because they are not again copied, or because their contents do not appear otherwise than from the copies in the pleadings. 10 *Ga.*, 1, (3); 41 *Ib.*, 293.

2. The notes given to the company for the price of the fertilizer having upon their face a stipulation that the fertilizer was purchased " entirely upon the basis of the analytical standard guarantied by the company, and that I will in no event hold it responsible beyond such standard, nor in anywise for practical results," the precise right of the purchaser was to receive an article containing the chemical and fertilizing properties enumerated in the guaranty, and these in the proportions and up to the degree of strength held out as a standard. The standard being analytical, the direct means of comparing with it the material received by the purchaser as a fertilizer, would be to analyze one or more samples of the material, either before the mass was used, or if afterwards, with proper preservation in suitable vessels'until the analysis was made. Test or comparison by indirect means might be practicable, too; but if so, the effect on crops would seem to be excluded by the express agreement of the parties, that agreement being that the buyer would not hold the seller responsible " in anywise for practical results." If, however, the effect on crops could be considered (in connection with the admission of the seller made at the trial, that a fertilizer coming up to the standard would be a good fertilizer), the manner of cultivation— the accidents of season, the kind of soil, etc., would be material; and without some evidence as to these, the foundation for admitting testimony of actual production, with a view

to disparaging the fertilizer, would not be laid. No such evidence was offered, or proposed to be offered.

3. In giving his notes for the price, the buyer having in writing accepted the limited guaranty, and stipulated not to exact anything beyond, parol evidence of other representation or warranty is inadmissible, unless upon the ground of fraud ; and as to that ground, not only must the fraud be pleaded with due certainty, but it must be of a nature to excuse the buyer for having accepted the limited guaranty, instead of standing upon some other express warranty, or upon the general warranty implied in law. Parol evidence that the seller represented or warranted the article to be good, is entitled to no effect; for it is useless if it does not conflict with the written acceptance of limited guaranty, and inadmissible if it does. It should be observed that the defendant did not set out in any of his pleas, what ingredients the company's analytical standard embraced, or in what proportions they were combined. Nor did any of the pleas set forth the actual ingredients contained by the fertilizer received, or even one of them. The very truth is, that the defendant endeavored to escape the consequences of having accepted a limited warranty, without entering into particulars, and by a few vague and sweeping generalities. He should have furnished the court and jury by his pleadings and evidence, with the standard to which his contract referred, and then should have shown wherein the commodity which was delivered to him varied from that standard, or fell below it.

Judgment affirmed.