HAMLIN *vs.* ROGERS, WORSHAM & COMPANY.*

1. All that the party selling fertilizers is required by law to guarantee is, that the fertilizer contains substantially the ingredients indicated by the analysis attached to it. He may or may not guarantee its effect upon crops. Where the contract provided that he did not do so, and that the seller should not be responsible for practical results or the effect upon crops, evidence offered to show that the fertilizer failed to benefit the purchaser's crops, although they were properly cultivated, the soil on which they were planted was suitable, and the season propitious, there being some testimony that if the fertilizer was as represented by the analysis on the sacks, it would have benefited the crops, with good seasons, would not *per se* have shown that the fertilizer was deficient in any of such ingredients, it not being offered in aid of other testimony to establish the fact. Where there is other testimony, as, for instance, where another analysis is put in evidence to show that the fertilizer does not come up to the standard laid down by the State chemist, those facts may be used in aid of such other analysis.

2. A ground of a motion for a new trial that the charge of the court was deficient in failing to explain to the jury what constituted an inspection of fertilizers under the law, is without merit, where it does not appear that the attention of the court was called to this subject, or that he was requested to give instructions thereon, or that such instructions would have been pertinent and relevant if given.

3. Where, to a suit on a note given for fertilizers, it was pleaded that the sacks containing such fertilizers were not, at the time of the sale, tagged according to law, and where the defendant testified that some four or five of them (there being thirty in all) were not tagged, but it did not appear at what time this failure to tag was discovered, or that the tags were not detached from the bags after the sale and delivery, and there was evidence that all were properly tagged and branded when sold, there was no error in refusing to charge: "If you believe from the evidence that the fertilizers did not have inspector's tags on the sacks at the time of the sale, then the plaintiffs cannot recover."

(*a*) Where the analysis is branded on the packages, it is questionable whether the absence of tags would have the effect of rendering the sale illegal.

(*b*) The verdict was demanded by the evidence.

March 9, 1887.

*BLANDFORD, J., did not preside in this case, on account of providential cause. It was argued at the last term, and the decision reserved.

Contracts. Fertilizers. Evidence. Before Judge HAR-
RIS. City Court of Macon. March Term, 1886.

Reported in the decision.

LOFTON & MOORE, for plaintiff in error.

NISBET, EDGE & NISBET, for defendants.

HALL, Justice.

This was a suit on a note given for the price of fertiliz-
ers sold by the plaintiffs to the defendant; and besides the
statutory warranty that the fertilizer comes up to the chem-
ical analysis branded on the sacks, the note contained a stip-
ulation that the seller should not be responsible for prac-
tical results, or for the effect of the fertilizer upon crops.
To this suit the defendant pleaded that the articles sold
did not contain the elements and ingredients indicated by
the analysis, and that the sacks in which it was packed, al-
though branded, were not tagged. On the trial, proof was
offered to show that it failed to benefit the defendant's
crops, although the crops were properly cultivated, the
soil on which they were planted suitable and the seasons
propitious. This was offered as evidence to establish the
absence of the elements and ingredients indicated by the
analysis and brand; one of the plaintiffs who testified in the
case having sworn, in rebuttal and on his cross-examination,
that if the fertilizer was as represented by the analysis on
the sacks, it "would have benefited the crops, with good
seasons." There being no other testimony as to these
facts, the evidence thus offered, on objection of plaintiffs'
counsel, was rejected, and exception was taken by defend-
ant to its rejection. The trial resulted in a verdict for
the plaintiffs, and the defendant made a motion for a
new trial on various grounds, which was overruled. To
the judgment overruling this motion, he prosecuted his
writ of error to this court, and that makes the questions

we are to determine. The principal ground insisted upon for the reversal of this judgment is embodied in the 3, 4 and 5 grounds of the motion, and relates to the rejection of this testimony.

1. All that the party selling is required by law to guarantee is, that the fertilizer contains substantially the ingredients indicated by analysis attached to it. The party may or may not guarantee its effects upon crops. In this instance, he refused to make any such guaranty, and the purchaser expressly stipulated to take the fertilizer without regard to its effects upon crops. Parties have a right to make their own bargains, provided there is nothing in them contravening any requirement of the law. Under the limited guaranty contained in this contract, and that imposed by law, the defendant could have shown that the fertilizer he purchased did not contain the ingredients and elements indicated by the analysis made by the State chemist and branded on the sacks. The evidence offered and rejected would not *per se* have shown that the fertilizer was deficient as to any of such ingredients; without being offered in aid of other testimony to establish this fact, it would be immaterial. At best, it is only adminicular in its character. Where, for instance, another analysis is given or offered in evidence to show that the fertilizer does not come up to the standard laid down by the State chemist, those facts may be used in aid of such other analysis; but here there was nothing which the evidence offered could sustain. This is the extent to which former decisions of this court have gone. *Jackson vs. Langston & Crane*, 61 *Ga.* 392; *Allen vs. Young*, 62 *Ga.* 617; *De Loach vs. Hardee's Son & Co.*, 64 *Ga.* 94; Code, §1553(b); Acts 1881–2, p. 129.

2. The sixth ground of the motion sets out the entire charge of the court. The seventh ground seems to be rather a specification of error in the charge as set forth, than an independent ground complete in itself on which the new trial should be granted. It amounts to this, that

the charge is deficient, in that the court failed to explain
to the jury what constituted an inspection of fertilizers
under the law. It does not appear that the attention of
the court was called to this subject, or that he was re-
quested to give the instruction which, it is alleged, he omit-
ted, nor is it made manifest to us that if such instructions
had been given, what their pertinency and relevancy would
have been. The giving or withholding them could not, so
far as we can see, have affected the result of the case.
There is no merit in that ground.

3. The defendant pleaded that the sacks containing the
fertilizer were not, at the time of the sale, tagged accord-
ing to law. He testified on the trial that some four or five
of them—there being thirty in all—were not tagged; but
at what time this failure to tag was discovered does not
appear. It may, for aught that appears to the contrary, have
occurred that after the sale and delivery, they were de-
tached from the bags. One of the plaintiffs swears they
were all properly tagged and branded when sold. We
think, therefore, under the circumstances, that the court
committed no error in refusing to charge the following
request made by the defendant: " If you believe from the
evidence that the fertilizer did not have inspector's tags on
the sacks at the time of the sale, then the plaintiffs cannot
recover." The request, if made in writing and legal in a
proper case, considering the vague and indefinite character
of the testimony, was inapposite, and should not have
been given; besides, where the analysis is branded on
packages, we are not satisfied that they should also be
tagged to render the sale legal; the tags afford evidence
that the inspection fees had been paid. They certainly
show this, but whether their absence has the effect of show-
ing that the sale was illegal, is questionable.

There is evidently nothing in the first and second grounds
of the motion. The verdict was imperatively demanded
by the evidence, which harmonized in everything, except
as to the few sacks which the defendant testified were not

tagged, and even upon that point, it could hardly be said to be conflicting.

Judgment affirmed.