### ALLEN *vs.* PEARCE.

In February, 1883, to render lawful a sale of commercial fertilizers put up in sacks, two things were requisite as to each sack at the time of sale: first, that it should bear the inspector's tag to vouch for the fact of legal inspection; and, secondly, that it should have distinctly branded, stamped or printed upon it the manufacturer's guaranteed analysis.

March 5, 1888.

Fertilizers.   Sales.   Before Judge WILLIS.   Talbot superior court.   March term, 1887.

Reported in the decision.

WILLIS & MATHEWS and HENRY PERSONS, for plaintiff in error.

MARTIN & WORRILL and JOHN PEABODY, *contra.*

BLECKLEY, Chief Justice.

The note sued on was given by Allen to Pearce in February, 1883, for the price of commercial fertilizers sold to the former by the latter. Allen pleaded that the fertilizers were put up in sacks, and when sold and delivered the sacks were not branded with the inspector's brand showing the analysis of the guano contained therein; neither did any of said sacks have any tags or other device of the inspector, showing the analysis of said guano; also

that the sacks had not on them, or any of them, the marks or brands of an inspector of fertilizers. The court charged the jury that there must be the State inspector's analysis branded on the package containing the guano, or on tags attached to the package, or must be on the package in some way. The evidence was conflicting as to whether the sacks were branded and tagged. We take it for granted that both the pleading and charge of the court, in speaking of the analysis, meant, not the inspector's analysis, but the manufacturer's guaranteed analysis. This is the only analysis which the law requires to appear upon the sacks; and how it shall appear is left by the statute, (Code, §1553 a,) to be regulated by the commissioner of agriculture. The method prescribed by the commissioner, on September 15th, 1882, was the one to be observed at the time this transaction took place. The requirement thus made was, that fertilizers in bags shall be distinctly branded, stamped or printed upon each sack with the manufacturer's guaranteed analysis. The court was therefore mistaken in charging the jury that the analysis must be branded on the package or on tags attached to the package, or must be on the package in some way. There was but the one way; and if the analysis did not appear in that way, the sale was unauthorized. Moreover, the evidence did not relate to more than that one way; and for this reason, the charge should not have had the latitude which the court gave to it. The head-note sets forth the two requisites essential at the time of this sale, to prepare commercial fertilizers for being vended in this State; and the lack of either would render the sale unauthorized and invalid. See Code, §§1553 a, 1575, and addenda to Code, page 10, §1553 a.

The suggestion in *Hamlin vs. Rogers, Worsham & Co.*, decided at March term, 1887, (78 *Ga.* 631,) that the absence of tags might not have the effect of rendering the sale illegal, is not to be taken as a decision to that effect. We think, on the contrary, that under the system prevailing

in the department of agriculture, the presence of such tags is the regular, and (for the seller) the only authentic evidence that the fertilizers have undergone the inspection which the law requires. The new trial should have been granted.

Judgment reversed.