## HOLT *v.* NAVASSA GUANO COMPANY.

</div>

When a manufacturer of fertilizers had complied with the provisions of Political Code, § 1563, by attaching to each bag or package thereof the tag furnished by the commissioner of agriculture, the fact that a portion of the tags so attached had become detached from the bags or packages while in transit to the place of consignment would not render a sale of the fertilizer illegal, when it distinctly appeared that the detaching of such tags was not in any way due to the fault of the manufacturer or his agents.

<div align="center">. Argued January 2, — Decided February 6, 1902.</div>

Complaint.   Before Judge Littlejohn.   Sumter superior court. December 1, 1900.

*E. C. Speer* and *W. A. Dodson,* for plaintiff in error.
*J. A. Hixon* and *E. A. Hawkins*, contra.

COBB, J.   The Navassa Guano Company sued Holt upon two promissory notes.   To this action the defendant pleaded that the consideration of the notes was commercial fertilizers, that a portion of the same was not tagged as required by the law of this State, and that for this reason the contracts evidenced by the notes were void.   At the trial the court directed a verdict in favor of the plaintiff, and to this ruling the defendant excepted.

Under the view we have taken of this case, it is unnecessary to determine certain questions which were claimed to have been presented in the record and which were argued before this court. These questions are, whether the contract between the parties was

a North Carolina contract or a Georgia contract; whether under the terms of the contract the defendant was a purchaser of the guano or merely an agent to sell for the plaintiff; and whether the failure by a manufacturer in another State to place upon the sacks of commercial fertilizer sold to a person in this State the tags required to be furnished to such manufacturer by the commissioner of agriculture would have the effect to render void a contract for the sale of the fertilizer. It may be conceded that all of these questions should be solved in accordance with the defendant's contention, and still the verdict against him was demanded by the evidence. At the date that the contract involved in the present case was entered into, the law required that manufacturers of commercial fertilizers, who desired to sell the same in this State, should register with the commissioner of agriculture; the law providing in detail the information to be given to the commissioner by the manufacturer when he registered. Political Code, § 1551. And it was declared to be unlawful for any person to sell any fertilizer in this State without first registering the same as required by law. Political Code, § 1564. One desiring to sell fertilizers in this State was required to forward to the commissioner a written request for tags, what this request was to contain being fully set forth in the statute; and with such request there was to be transmitted the sum of ten cents per ton as an inspection fee. It was then the duty of the commissioner of agriculture to issue tags to the person so applying, and it was the duty of such person to attach one of these tags to each bag, barrel, or package of the fertilizer, which when so attached became prima facie evidence that the seller had complied with the requirements of the law. The uncontradicted evidence in the case showed that the guano was shipped from North Carolina, and that the plaintiff had complied with the requirements of the law in reference to registering, etc. There was also evidence, which was not disputed, to the effect that all of the sacks shipped to the defendant "were branded and tagged and came up fully to the requirements of the law of the State of Georgia." The foregoing was testified to by the superintendents of the different factories in North Carolina. There was evidence that when the guano reached the points of destination in this State some of the sacks had no tags thereon. The duty placed upon the manufacturer of fertilizers who expects to sell the same in this State is that of attaching to each

bag or package the tag furnished him for that purpose by the commissioner of agriculture. If this is done, the fact that the tags may become detached while the guano is in transit to the place of shipment would not, provided they become detached through no fault of the manufacturer or his agents, have the effect of rendering the contract of sale illegal, even if there was in existence, at the date the contract involved in the present case was entered into, any law rendering illegal contracts for the sale of commercial fertilizers when the packages containing them were not tagged. The purchaser of such fertilizer, or any one seeking to avoid liability on account of the failure to tag, must show either that the tag was not placed thereon in the first instance by the manufacturer, or that it was removed from the sack by the manufacturer or his agents or others in his interest for the purpose of defrauding the State of its revenue. The defendant not only did not show either of these things, but there was positive uncontradicted evidence that the sacks were properly tagged when placed on board the cars in North Carolina. The law of force at the time that the contract was entered into required that every bag or package of guano should be tagged in a given way, and in this particular that was all that the law did require. The defense in this case rested solely upon the ground that a portion of the sacks which were shipped by the plaintiff to the defendant were not tagged when they reached their destination in Georgia; and this defense can not avail the defendant, when it appeared that the sacks were properly tagged in North Carolina before being shipped, and when it was not shown that the manufacturer was instrumental in any way in having the same detached. Under the pleadings and the evidence, the verdict directed was the only proper one which could have been rendered in the case.

*Judgment affirmed.  All the Justices concurring.*