### 4966. HILLIS *v.* COMER & COMPANY.

The provisions of section 1794 of the Civil Code do not extend to the tagging of commercial fertilizers. Under the terms of this section a sale of commercial fertilizer which has not been analyzed as evidenced by its registration is illegal, and any contract made in pursuance of such a sale is void, but a sale of fertilizer without the tags which are required

to be purchased in order that the State may secure its revenue therefrom is not necessarily illegal; nor is a note given for fertilizer void for the sole reason that the tags were not attached to the sacks.

DECIDED AUGUST 15, 1913.

Complaint; from city court of Waynesboro—Judge Davis. April 30, 1913.

*H. A. Boykin, H. J. Fullbright,* for plaintiff in error.

*Brinson & Hatcher,* contra.

RUSSELL, J. The plaintiff in error purchased 48 tons of fertilizer and gave his note for $1,080 therefor. When he was sued on the note he filed a plea that the sacks containing the guano did not have attached to them the tags sent out upon application by the Department of Agriculture. He did not defend upon the ground that no inspection of the fertilizer had been made, or that the guaranteed analysis of the ingredients had not been stamped on the sacks as required by law, or that the fertilizer sold did not come up to and correspond with the guaranteed analysis, nor did he plead that the manufacturers or sellers had not paid the tax of ten cents per ton as required by law. On demurrer, upon the ground that the answer set up no valid defense, the court struck it. The bill of exceptions challenges the correctness of this ruling.

The plaintiff in error claims that in order to legalize a sale of fertilizer, three things must necessarily be done by the seller: (1) The fertilizer must be registered with the commissioner of agriculture, under the terms of section 1771 of the Civil Code; (2) it must be branded and inspected as required by that section of the code; and (3) after it has been properly registered and inspected, the manufacturer and manipulator, or his agent, shall attach tags procured from the commissioner of agriculture, under the provisions of section 1793 of the code, to each bag, barrel, or package, as an evidence that the seller has complied with the requirements of law. It is insisted that the provision of section 1771 as to registering and inspection is not more mandatory than the requirement of section 1793 as to the procurement of tags, and the requirement that they be attached to the several bags, barrels, or packages containing fertilizers, and therefore that the trial judge erred in striking the defendant's answer, in which it is alleged that "while it is recited in the note that the fertilizers were branded and tagged as required by law, yet, as a matter of fact, the fertilizers were not tagged at all, and the sale was therefore illegal and

in violation of the plain requirements of the statute; and for that reason this defendant is not liable, under the law, for the same." We are not now required to pass upon the validity of a plea setting up that the manufacturers or sellers of the fertilizer had not in fact paid the tax required by the provisions of section 1793 of the Civil Code, or had failed to purchase a sufficient number of tax-tags to tag every bag or package of fertilizer manufactured or sold by them. No such plea was filed in this case, and that question is not presented. While the purchaser of fertilizer is not specially concerned with the consideration of the question as to whether the manufacturer or seller of the fertilizer he purchases has paid the tax required by law, still it may be that where it is shown that a seller or manufacturer in a particular instance is so conducting his business as to deprive the State of its revenue, and operating a business in violation of the law, the case will fall within the principle announced in *Ford* v. *Thomason,* 11 *Ga. App.* 359 (75 S. E. 269), as applicable to real-estate dealers, and by the Supreme Court in *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686), as applied to physicians. The single question here presented is whether the failure of the manufacturer or seller to tag fertilizers is a good defense to an action brought to recover the purchase-price of such fertilizers.

We think the trial judge rightly held that the mere failure to tag the fertilizers presented no defense to the purchaser. We can not agree with the argument of the learned counsel for the plaintiff in error that the requirement as to tagging, as it affects the purchaser, is the same as the requirements of section 1771 as to registration and inspection of fertilizers offered for sale in this State. The provisions of section 1771 and 1772 are designed for the protection of all users of fertilizers. Section 1771 requires the manufacturers and sellers of fertilizers to register the names of the brands they desire to sell and the guaranteed analysis thereof with the commissioner of agriculture. Section 1772 requires this guaranteed analysis to be branded or printed on each sack or package intended for sale. Section 1794 expressly declares that "It shall not be lawful for any manufacturer or company, either by themselves or their agents, to offer for sale in this State any fertilizer or fertilizer material that has not been registered with the commissioner of agriculture as required by this chapter. The fact that the purchaser waives the inspection and analysis thereof shall be no

protection to said party selling or offering the same for sale." It will be seen from a reading of this section that the sale of fertilizer which is denounced as illegal is where such fertilizer has not been registered as required by sections 1771 and 1772, and that no reference whatever is made therein to the tax-tags or the subject of tagging. Section 1793 is purely a revenue measure; for except in the case of cottonseed meal (see *Griner* v. *Baggs*, 4 *Ga. App.* 232, 61 S. E. 147), which is almost wholly nitrogenous in its nature, the affixing of tags is not intended to take the place of the branding or printing upon the sack, barrel, or other package required by section 1772. The law recognizes the fact that the tags may become detached from the packages in the ordinary course of trade and shipment (*Holt* v. *Navassa Guano Co.*, 114 *Ga.* 666, 40 S. E. 735), and the statute is therefore particular in its requirement that the guaranteed analysis, as well as the name of the manufacturer or seller, shall be plainly printed on each and every package. *Hamlin* v. *Rogers*, 78 *Ga.* 631 (3 S. E. 259).

We hold, therefore, that the provisions of section 1794 of the Civil Code, by its express terms, do not extend to the tagging of commercial fertilizers. Under the terms of this section a sale of commercial fertilizer which has not been registered in conformity with the analysis required by section 1772 of the code is illegal, and no contract made in pursuance of such a sale is valid, but a sale of fertilizer without the tax-tags which are required to be purchased in order that the State may secure its revenue is not for that reason necessarily illegal; nor is a note given for fertilizer void for the sole reason that the tax-tags were not attached to the sacks of fertilizers which were the consideration of the note.

This ruling is not in conflict with any of the decisions of the Supreme Court cited by the plaintiff in error. In *Hamlin* v. *Rogers*, supra, Justice Hall, delivering the opinion of the court, held that the court did not err in refusing to charge that if the fertilizer did not have the inspector's tag attached to the sacks at the time of the sale, then the plaintiffs can not recover. It is true that in that case the ruling was placed partly upon the fact that tags were shown to have been missing from only five or six sacks out of thirty, and it was remarked that the request to charge was inapposite, considering the vague and indefinite character of the testimony; but it was held distinctly that the purpose of the

tags is to afford evidence that the inspection fees have been paid, and it was said that whether the absence of tags would have the effect of showing that the sale was illegal is very questionable. In *Allen* v. *Pearce*, 80 *Ga.* 418 (7 S. E. 82), the suggestion in the *Hamlin* case, supra, that the absence of tags might not have the effect of rendering the sale illegal was criticised by Chief Justice Bleckley, for the reason, as stated, that the presence of the tags was the only authentic evidence the seller had that the fertilizer had undergone the inspection which the law required. Under the law as it then stood (embodied in § 1553a et seq. of the Code of 1882), the learned Chief Justice correctly held that the presence of the tag was the only authentic evidence of a legal inspection. Under the provisions of that section it was made a misdemeanor for any manufacturer, dealer, or other person to offer any fertilizer for sale or distribution without having the brand-tag, or such other device as the commissioner might require, showing the analysis of the contents of the package. But by the provisions of the act of 1898 (Acts of 1898, p. 100) the branding of the analysis upon the sack was made essential; and, as has already been pointed out, it is only the failure to *brand* the analysis on the sack which is now made penal. Under the provisions of section 1772 the guaranteed analysis of each sack or package is required to be plainly printed or branded thereon, and thus the purchaser is apprised of the ostensible contents of the fertilizer by a label which can not be detached. Sections 1785, 1786, 1787, and 1788 of the Civil Code expressly provide the means by which the purchaser may test the truthfulness of the statements branded upon the sack. The rulings in *Holt* v. *Navassa Guano Co.*, supra, and in *Young* v. *Murray*, 3 *Ga. App.* 204 (59 S. E. 717), were merely to the effect that when the defendant pleads that the fertilizer was not tagged as required by law, he carries the burden of proving this allegation.

*Judgment affirmed.*