### 6717. RITCHEY et al. v. ARMOUR FERTILIZER WORKS.

RUSSELL, C. J. 1. The suit was upon a note for the purchase-price of certain guano. A plea setting up that the sacks containing the guano did not have attached to them the tags which section 1793 of the Civil Code of 1910 required to be used, and that by reason of the failure to affix the tags the State was being defrauded of its revenue, and that for that reason the contract was void, constitutes no defense to an action upon the note.

2. "Section 1793 is purely a revenue measure . . . The law recognizes the fact that the tags may become detached from the packages in the ordinary course of trade and shipment." *Hillis* v. *Comer,* 13 *Ga. App.* 214, 217 (78 S. E. 1107). And while, under the provisions of section

1794, "the sale of commercial fertilizer which has not been registered in conformity with the analysis as required by section 1772 of the code is illegal, and no contract made in pursuance of such a sale is valid," nevertheless "a sale of fertilizer without the tax-tags which are required to be purchased in order that the State may secure its revenue is not for that reason necessarily illegal; nor is a note given for fertilizer void for the sole reason that the tax-tags were not attached to the sacks of fertilizer which were the consideration of the note." *Hillis* v. *Comer*, supra.

3. In view of the foregoing rulings, the trial judge did not err in sustaining a demurrer to the answer of the defendants, which set up no other defense than that the note which was the basis of the suit was void because the plaintiff's failure to tag the fertilizer in question "was done for the purpose of defrauding the State of Georgia of its revenue, and the State was thereby defrauded of its said revenue."

*Judgment affirmed.*

DECIDED MAY 19, 1916.

Complaint; from city court of Tifton—Judge R. Eve. June 7, 1915.

*B. C. Williford, James H. Price*, for plaintiffs in error.

*R. D. Smith*, contra.