## Russ v. Myrick.

Russell, C. J. 1. The verdict is in accord with the evidence, and amply supported.

2. The recital in the deed from the plaintiff to the defendant, that " this deed is made for the purpose of abrogating, cancelling, and making void the deed executed by Susan R. Myrick to R. A. Benton and Tedie Benton on the 28th day of August, 1915," etc., was not such a recital as amounted to a disclaimer of the title, but on the contrary was, impliedly at least, a denial of the validity of the writing referred to. Moreover, the apparent ambiguity in the recital quoted was subject to explanation, and it appears from evidence in the record, to which no objection was offered, that the deed to which reference is made had in fact been judicially cancelled.

3. The court correctly charged the jury on the issues involved. If the defendant desired the special attention of the jury directed to the special principle that the record of a deed is prima facie evidence of delivery, an appropriate and timely request should have been presented to the court. *Horton* v. *Smith*, 115 *Ga.* 66 (4) (41 S. E. 253); *Capital City Oil Co.* v. *Central of Ga. Ry. Co.*, 16 *Ga. App.* 750 (86 S. E. 57). The question of the delivery or non-delivery of the deed in question was an issue in the case, and as to this the instructions of the court were clear and correct. The complaint made is that there is no specific instruction upon the weight of a particular circumstance in proof; and such an omission is not error, in the absence of a request for instructions. The instructions, upon the absence of which error is now assigned, would only have called the attention of the jury to one of the evidentiary elements necessary in order to entitle the plaintiff to recover, a circumstance which the plaintiff could rebut, and one which, according to the verdict of the jury, was rebutted by the evidence in the record.

4. The court did not err in admitting the testimony of the plaintiff, that " they kept after me and worrying me and begging of me to make them over a part of the land; that they would take care of me my lifetime," over the objection " that it did not show any undue influence sufficient in law to warrant the cancellation of the deed." Nor was it error to admit the foregoing testimony for the reason that " it was an attempt to engraft upon the deed, which contained no ambiguity upon its face, another stipulation." *Judgment affirmed. All the Justices concur.*

. No. 3042. JANUARY 24, 1923.

Equitable petition. Before Judge Thomas. Thomas superior court. November 22, 1921.

This is a suit brought to recover land, and to cancel a deed that Mrs. Susan R. Myrick alleged she had made to her daughter, Mrs. Ruthie Russ. There was a general demurrer to the petition, which was overruled, but no exceptions pendente lite were filed.

The point is made that the petition failed to show title in the plaintiff. The case went to trial on the petition and answer. The answer did not set up any outstanding title, but simply denied the allegations of the petition. The jury found in favor of Mrs. Myrick. The defendant made a motion for a new trial, which was overruled; and exception is taken to this ruling on the general grounds, and upon three other grounds as follows: (1) Because the evidence disclosed a valid outstanding title in two other persons, R. A. Benton and Mrs. Tedie Benton. (2) Because the judge failed to charge the jury that the recording of the deed was prima facie evidence of delivery to the defendant. (3) Because, over objection, the court allowed to remain in evidence the answer of the witness Mrs. Susan Myrick to the following question: " Why did you make that deed? " A. "They kept after me and worrying me and begging of me to make them over a part of the land; that they would take care of me my lifetime."

The evidence shows that Mrs. Susan Myrick, the plaintiff, was the owner of the tract of land in dispute, which is the northeast fourth of lot of land 22 in the 13th district of originally Irwin, now Thomas county, containing 116-1/4 acres, more or less, as shown by a deed executed by A. T. MacIntyre October 1, 1889. The deed sought to be cancelled, which is attached to the petition as an exhibit, was dated March 31, 1917, and conveyed the southern half of the northeast fourth of land lot No. 22 referred to. There is a statement in the deed that it was made for the purpose of abrogating, cancelling, and making void the deed executed by

Susan R. Myrick to R. A. Benton and Tedie Benton on the 28th day of August, 1915, and recorded the same day. Both were warranty deeds.

It appears from the evidence that Mrs. Susan R. Myrick had previously made a deed to her daughter, Mrs. Tedie Benton, to the northern half of the lot mentioned in the deed of MacIntyre. This evidence was not objected to at the time of its admission, upon any ground. It also appears from the testimony, to which no objection was made, that she had recovered the tract of land mentioned in this recital of the deed to Mrs. Ruthie Russ. .

*Titus & Dekle,* for plaintiff in error.

*Jeff. A. Pope* and *P. C. Andrews,* contra.