338

*Mildred L. Kingloff* and *Jackson L. Barwick,* for plaintiffs.
*G. H. Howard, G. B. Walker, H. E. Edwards,* and *E. L. Reagan, assistant attorney-general,* for defendants.

FOSTER *v.* SMITH *et al.; et vice versa.*

Nos. 14380, 14387. JANUARY 12, 1943.
REHEARING DENIED FEBRUARY 12, 1943.

*Paul S. Etheridge Jr.,* and *Howard, Camp & Tiller,* for plaintiff
in error. *Augustine Sams, Philip F. Etheridge, R. Low Reynolds,*
and *Grigsby H. Wotton,* contra.

GRICE, Justice. 1. No error appears, under the facts of this case, in the ruling of the court sustaining an objection to the admission in evidence of a copy of an original writing, to wit, a previous will that had been revoked, on the ground that the absence of the original had not been accounted for; there being no notice to produce, and the evidence as to the existence and loss or destruction of the original not being such as to compel the conclusion that the same was not in existence, or, if it was, that due diligence to obtain the same had been exercised.

2. It is not cause for the grant of a new trial that counsel for the plaintiff was permitted, over objection that the question was irrelevant and immaterial, to ask a witness the question, "You were to receive $10,000 under the will of Mrs. Whitney, weren't you?" and to permit the witness to answer in the affirmative, when it appears that without objection the will itself was introduced in evidence and disclosed the facts above referred to.

3. Under the issues made by the pleadings and the evidence it was not erroneous for the court to submit to the jury the issues of fraud and undue influence; the record disclosing that more than four years before the date of the deed under attack, at a time when the strength of the maker was unimpaired physically or mentally, she executed a will, which was subsequently probated, in which will she devised and bequeathed to the petitioner the property in dispute; that on April 3, 1938, when about eighty-six years of age, she sustained a fall after a paralytic stroke, as a result of which she remained practically helpless and in bed until the day of her death, March 30, 1939, and that the plaintiff in error visited her almost daily, and superintended the management of her household affairs; the deed under attack being a voluntary deed, and not having been filed for record until the day of the death of the maker; and there being evidence from which the jury could have found that from the day of her fall, April 3, 1938, until her death on March 30, 1939, her mind was weak; evidence that the plaintiff in error was alone with the maker immediately before the execution of the deed, that it was not read to her in the presence of the subscribing witnesses, and when the subscribing witnesses, who were summoned by plaintiff in error for the purpose of witnessing the deed, arrived, the plaintiff in error (Mrs. Foster) "got out the paper" and handed it to one of the subscribing witnesses; and

evidence that the plaintiff in error, while the maker was "lying there prone, helpless, and insensible," made the statement that she (Mrs. Foster) "had something terrible on Mrs. Whitney, and could make her do anything in the world she wanted her to do."

4. The evidence on the subject of fraud and undue influence, though conflicting, was sufficient to support the verdict, without reference to that ground of attack which asserted the mental incompetency of the maker; and the verdict having the approval of the trial judge, the judgment refusing a new trial is affirmed.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur, except*

DUCKWORTH, Justice, dissenting. The majority opinion holds that the evidence authorized the submission to the jury of the issue of undue influence. From this holding I dissent. It is my opinion that a fair and frank statement of every word of evidence that is in any way connected with this question demonstrates conclusively that it amounts to no more than a showing that the grantee had the ability and opportunity to so influence the grantor. But this is not enough, under the law, to authorize the submission of the question of undue influence to the jury. *Hill* v. *Deal,* 185 *Ga.* 42 (193 S. E. 858); *Crutchfield* v. *McCallie,* 188 *Ga.* 833 (5 S. E. 2d, 33). At the outset let it be clearly understood that this action does not seek recovery for any and all undue influences that the grantee might have exerted upon the grantor in other matters, but it is strictly confined to the single question whether or not the deed here assailed is the result of undue influence exerted by grantee upon grantor. With the question thus stated and understood, let us look at the origin of the deed. The evidence shows, without contradiction, that at the time the grantor conceived the idea and expressed the desire to execute this deed the grantee's voice is not heard. She was not even present when the grantor was thus freely expressing the desire to make this deed. The evidence shows, without contradiction, that on that occasion the grantor first expressed to this other person a desire to make a will, not a deed. The evidence shows that it was because of the suggestion of this other person that, instead of a new will, the grantor should make a deed to accomplish her expressed desire to give the property involved to the grantee, and the deed was prepared at the direction of this third person to conform to the grantor's desire as

then and there expressed to him by her. The evidence discloses that the grantee appeared for the first time, in connection with the execution of this deed, only after its preparation by the attorney in compliance with the expressed desire of the grantor, for the purpose of having it duly witnessed when executed by the grantor. The fact that the grantee thus participated justifies no suspicion of wrong-doing on her part, for her conduct in this connection is what any normal and honest person would be expected to do in such circumstances. It is unfair to her and unfair to the deceased grantor to make any deductions from this conduct implying evil doing. The law does not condemn legitimate and honest influence, but only undue influence, which must of necessity involve evil design and purpose, and even the exertion of undue influence can never under the law authorize cancellation of a deed which was executed freely and voluntarily by the grantor and is in no wise the result of any such undue influence. The uncontradicted evidence here demands a finding that the deed under attack was the free and voluntary act of the grantor so expressed in the absence of the grantee; and hence it does not and can not by its terms indicate that the grantor has been wrongfully treated, or that the grantee has received thereunder something to which she was not entitled, at the hands of the grantor in recognition of and to compensate her for years of kind, constant personal attention and services which she had rendered to the grantor.

The full meaning of the Code, § 37-706, must be recognized by all courts, but no court is justified under the law in invoking that statute to support a judgment which takes from a person valuable rights and property solely upon evidence which shows an opportunity and means for the practice of fraud, but is wholly lacking of a single word or syllable of evidence of fraud itself. It is my opinion that the majority opinion can be sustained only by disregarding that portion of the above statute which declares that fraud may not be presumed; for it is clearly demonstrable by the evidence in this record that fraud or undue influence as charged in the petition is not shown in the record, and can be found by the judgment of the court to exist only by presuming that it does exist.

Since the statement of facts recites that this case has been tried a number of times, and that more than one verdict has been rendered in favor of the petition, I feel that I should state that it does

not appear that any verdict of any jury has found that the deed in question is the result of undue influence. This question is presented here by an exception to the charge submitting this issue to the jury, the exception being based upon the ground that there was no evidence to authorize its submission. There were other grounds of attack upon the deed, and it is impossible for any court to say which ground the jury found to be good. Certainly the unauthorized submission of the petitioner's contention that the defendant had been guilty of exerting undue influence was prejudicial to the defendant, and might easily have influenced the jury in finding for the plaintiff on other grounds. Every fact and circumstance shown by this record that is remotely connected with the question of undue influence is entirely consistent with good faith, pure purposes, affection and sympathy for the grantor upon the part of the grantee, except the one statement which one witness testified that the grantee made, that statement being in effect that the grantee had something on the grantor and could make her do anything. While, admittedly, this statement indicates an evil heart, it is wholly insufficient in the absence of other evidence, circumstantial or otherwise, showing that she had exerted the power which the alleged statement claims that she possessed. The statement amounts to nothing in the eyes of the law when the unimpeached evidence shows conclusively that she did not do what she is alleged to have said she had the power to do. If A should state that he was in possession of the necessary implements to wreck a train, but the evidence shows conclusively that no train has been wrecked, a jury rendering a verdict on evidence or want of evidence, which is the only verdict the law empowers a jury to render, would not find that A because of his statement had wrecked the train which had not in fact been wrecked. For the reasons stated, I can not concur in the opinion of the majority that the evidence in this record would authorize a jury to find that the deed under attack resulted from undue influence exerted by the grantee upon the grantor.