SCOTT *v.* GILLIS.

No. 15775. MAY 15, 1947.

222

*T. Ross Sharpe* and *W. T. Darby,* for plaintiff in error.

*N. G. Reeves Jr.* and *Jackson & Graham,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ In the bill of exceptions it is stated that exceptions pendente lite were taken to an order overruling certain demurrers of the defendant (now plaintiff in error) to the plaintiff's petition. In the bill of exceptions there is no assignment of error on the exceptions pendente lite, and if such exceptions were certified and filed, they are not incorporated in the bill of exceptions and are not specified therein as material to a clear understanding of the errors complained of, nor do such exceptions appear in the record before this court. In the present state of the record there is nothing to show what assignments of error were made by the exceptions pendente lite, and it is therefore impossible for the court to determine whether or not error was shown by the exceptions pendente lite.

"In order that rulings excepted to pendente lite may be considered by the reviewing court, they must be assigned as error in accordance with the Code of 1933, § 6-1305." *Allen* v. *E. Mason Roberts Enterprises,* 181 *Ga.* 99 (181 S. E. 578). See also *Kennedy* v. *Walker,* 156 *Ga.* 711 (120 S. E. 105). In *Allen* v. *Roberts*

*Enterprises,* supra, the exceptions pendente lite were specified as a material part of the record to be sent to the Supreme Court, but error was not assigned thereon. In this case, there is neither an assignment of error on the exceptions pendente lite, nor are they specified as material to an understanding of the errors complained of. Our Code (§ 6-1307) provides that the Supreme Court shall not dismiss any case for want of technical conformity to the statutes or rules regulating practice in the Supreme Court, but the Code further provides (§ 6-1607) that the Supreme Court shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions. Where, as in this case, the plaintiff in error has not complied with the requirements of § 6-1305, with reference to an assignment of error upon exceptions pendente lite, no ruling by this court can be invoked.

■ Counsel for the plaintiff in error insist that "the evidence in this case was overwhelmingly in favor of the plaintiff in error's contentions, that a mistake had not been made, and that there was a mutual meeting of the minds of the parties, and it was definitely and clearly understood as to the consideration for the trade." It is unnecessary to go into the evidence at length to find that the jury was authorized to return a verdict contrary to the contentions of counsel that a mistake had not been made in the consideration.

The plaintiff, Mrs. Gillis, testified in part: "If I signed a deed in which it was expressed a consideration of $350, I did not intend to sign a deed expressing that consideration. I never did at any time during the whole transaction, and during the time that I was in Mr. Reeves' office, and at the time that I signed the paper that I did sign, I never did at any time have any idea of selling my property for anything except $2350." Following this testimony, Mrs. Gillis recounted the facts and circumstances as to her age and her physical condition at the time of the execution of the deed as alleged in her petition. She later testified: "I did not have any intimation or knowledge in any way at all of the fact that that transaction was for $350 instead of $2350 until I got that deposit ticket from Mr. Reeves. I didn't think there was anything wrong about it until then. When I got that, I saw there was only $350 that had been deposited to my account, then I realized that something had gone wrong, then I went to Soperton and

saw Mr. Reeves." There was other testimony to the effect that Mrs. Gillis went immediately to the attorney's office when she received the deposit slip, and that two days later she and the attorney went to Vidalia and tendered to Scott the full amount paid by him, plus all expenses, which tender was refused by him.

A number of witnesses testified as to the value of the property, the lowest valuation placed thereon by any witness for Mrs. Gillis was $2000, and the valuation ranged up to $3000. Scott testified in part: "I never did at any time understand any price except $350." And, on the question of value, testified: "I would say that it was worth $1500, she was selling it to me for $350 and I did not think anything about it being any inadequacy of consideration."

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject-matter upon which it can operate." Code, § 20-107. From the testimony of Mrs. Gillis, and that of Scott, it appears that in this instance one essential element of the contract was lacking; the parties never agreed on the consideration to be paid for the property. This case, therefore, would come within the rule of *Werner* v. *Rawson*, 89 *Ga.* 619 (2) (15 S. E. 813), where one party understood the consideration to be $5000 and the other party, $2500, and it was held that the evidence authorized a rescission of the contract. See also *Singer* v. *Grand Rapids Match Co.*, 117 *Ga.* 86 (43 S. E. 755).

"Equity will not reform a written contract, unless the mistake is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only." Code, § 37-207; *Wyche* v. *Greene*, 16 *Ga.* 49; *Werner* v. *Rawson*, supra; *Singer* v. *Grand Rapids Match Co.*, supra; *Quiggle* v. *Vining*, 125 *Ga.* 98 (54 S. E. 74); *Green* v. *Johnson*, 153 *Ga.* 738 (113 S. E. 402); *J. Kuniansky Inc.* v. *Ware*, 192 *Ga.* 489 (15 S. E. 2d, 783).

Counsel for the plaintiff in error cite *W. P. Brown & Sons Lumber Co.* v. *Echols*, 200 *Ga.* 284 (36 S. E. 2d, 762), *Wynn* v. *First National Bank of Newnan*, 176 *Ga.* 218 (167 S. E. 513), and *Eliopolo* v. *Eicholz*, 161 *Ga.* 823 (131 S. E. 889), and insist that Mrs. Gillis can not prevail in this action because of her failure to read the contract and deed. Each of the cases cited involved

reformation of a contract, and not rescission. We need not determine whether the evidence in the present case shows mutual mistake, or mistake on the part of one party and fraud by the other party, so as to make a case for reformation of the contract, since the action here is for rescission and cancellation. The rule as to mutual mistake, or mistake and fraud, is not controlling in actions for rescission.

Under all of the evidence, it was a question for the jury as to whether or not Mrs. Gillis was negligent in failing to read the deed or understand the terms of the contract as to consideration. The evidence as to the mental and physical condition of Mrs. Gillis at the time of the execution of the deed, and other facts and circumstances existing at that time, might properly be considered by the jury on the question of negligence. The jury's verdict granting the relief prayed concludes the plaintiff in error on the question of negligence, since the jury was authorized to find that Mrs. Gillis was not lacking in that reasonable prudence amounting to a violation of a legal duty. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty. Relief may be granted even in cases of negligence by the complainant, if it appears that the other party has not been prejudiced thereby." Code, § 37-212; *McCollum* v. *Loveless,* 187 *Ga.* 263 (3) (200 S. E. 115). In view of the promptness with which Mrs. Gillis moved to rescind, Scott will not be presumed to have been prejudiced by any failure on her part to read the contract and deed.

The allegations and proof in this case were sufficient to show inadequacy of consideration and mental disparity between the parties, which under our Code, § 37-710, might justify a court of equity in setting aside the contracts in question. Mental capacity to make a deed is a question of fact to be determined by the jury. *Jones* v. *Hogans,* 197 *Ga.* 410 (29 S. E. 2d, 568).

The evidence showing great inadequacy of price, mental disparity between the contracting parties, and a mistake on the part of Mrs. Gillis (and possibly a mistake of both parties) in the consideration to be paid, the jury was authorized to return a verdict for Mrs. Gillis, and it was not erroneous for the trial court to overrule the general grounds of the motion for new trial.

■ In the amended motion for new trial, grounds 1, 2, 3, 4, 5, and 6, it is contended that the court erred in failing to give in chàrge certain language set out in these grounds. In none of the grounds is it asserted that a written request to charge was made, and no reason is shown why the failure to charge was harmful to the plaintiff in error. Such grounds are without merit. *Higgins* v. *Cherokee Railroad,* 73 *Ga.* 149; *Hamlin* v. *Rogers, Worsham & Co.,* 78 *Ga.* 631 (3 S. E. 259). Ground 11 is in the same form as the above grounds, except that it is stated that the court erred in failing to give a certain charge to the jury "by reason of the grounds complained in the foregoing paragraph." Since each ground of a motion for new trial must be complete within itself, this ground presents nothing for review.

■ Ground 7 assigns error on the failure of the court to give in charge to the jury the following: "If a person testify in his own behalf and there were material conflicts and contradictions in his testimony, he is not entitled to recover, if he be the plaintiff, unless that portion of his testimony which is least favorable to his contentions is of such a character as to authorize a recovery in his behalf." It is contended that the testimony of Mrs. Gillis was in conflict with her allegations, and the court should have given in charge the language stated. It is not shown that any written request was made to charge the language set out, and it was not error for the court, without request, to fail to charge this language.

■ In ground 8 it is charged that the court erred in giving in .charge to the jury the following principle of law: "There is a question of valid consideration: to constitute a valid contract under our law, a consideration is valid if any benefit accrues to him or her that makes a promise or any injury to him or her that receives a promise, but in this connection, I charge you that mere inadequacy of consideration alone will not void a contract. If the inadequacy be great, it is a strong circumstance to evidence fraud." It is contended that by this charge the court injected into the case a question of law not involved by the proof.

The evidence in this case showed a gross inadequacy of consideration. Even the testimony of Scott showed that he considered the property to have a value of $1500, whereas he obtained it for $350. Since the petition alleged fraud, and the evidence

showed a great inadequacy of consideration, and other facts and circumstances from which the jury might infer that Scott's actions were fraudulent, it was proper to submit this issue to the jury.

■ Ground 9 complains of a charge on mistake of fact which equity will relieve; contending that the court should have added a further charge, as set out in the ground. "It is not a good criticism of a correct charge properly adjusted to the evidence in the case that the court in connection therewith should have charged other matter which it is contended would have been properly adjusted to the evidence." *Burns* v. *State*, 188 *Ga.* 27 (2 S. E. 2d, 627).

■ Ground 10 assigns error on a lengthy portion of the charge, to which numerous objections were made. Some of the objections are not clear. The charge stated correct principles of law, and was not subject to any objection properly made.

■ Ground 12 contends that the court erred in failing to give in charge (without request) the following principle of law: "If there was a mutual mistake as to the terms of sale, continuing throughout the entire negotiations, and upon this all-important element of the contract the minds of the parties never agree, then the petitioner might seek relief in equity." The statement made by the plaintiff in error as to why this charge should have been given is not clear. However, since such a charge would have authorized the jury, under the evidence, to find against the contentions of the plaintiff in error, he could not have been harmed by the failure to charge.

■ Ground 13 complains that the court erred in giving in charge to the jury, without further explanation, the following: "Equity will not reform a written contract unless a mistake is shown to be the mistake of both parties, but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only." It is stated that this is an incorrect statement of law relating to cancellation of deeds or contracts upon the part of one party only. The language quoted is almost identical with that in the Code, § 37-207, and no error is shown in this ground.

■ Ground 14 assigns error on the following charge: "Fraud will invalidate a contract. Fraud may be consummated by signs or tricks or through agents employed to deceive, or by any other unfair way used to cheat another." This charge was claimed to

be erroneous because: there was no proof of fraud; it amounted to an expression of opinion; it indicated to the jury the possibility of Scott using unfair tactics to induce Mrs. Gillis to sign the deed or sell the property; and there was no fraud involved in the case, but merely a misunderstanding on the part of Mrs. Gillis.

"Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Code, § 37-706. There was evidence in this case which might have convinced the jury that Scott had fraudulently obtained a deed from Mrs. Gillis at a consideration of $350. The evidence of Scott as to the value of the property showed that he considered its value to be $1500, while other witnesses valued it at from $2000 to $3000. Such inadequacy of consideration, and the evidence of the mental infirmities of Mrs. Scott at the time the deed was signed, and Scott's action in taking up the check on the next day after he had given it, and replacing it with cash, might have indicated to the jury that he realized that a mistake had been made in the consideration expressed in the deed, and that he was obtaining the property at a price far below its actual value and the consideration stated by Mrs. Gillis. While the jury would not have been required to find under the evidence that fraud had been consummated by Scott, there was enough evidence authorizing such finding for the court to charge on this subject, and the instruction complained of was not erroneous.

Ground 15 assigns error on the following charge of the court: "I charge you in this connection that great inadequacy of consideration, joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract." This language was contended to be erroneous because: there was no proof of mental inability to contract upon the part of Mrs. Gillis; there was no allegation or proof of fraud on the part of Scott; there was no allegation that the mistake in the deed arose by reason of misrepresentation on the part of Scott to the attorney who drew the deed, or proof of error in description or consideration by the scrivener; and the error, if any, was caused by the gross negligence of Mrs. Gillis.

This instruction, which follows the wording of the Code, § 37-710, could properly be given in a case even though the petitioner had sufficient mental ability to contract, if great disparity

of mental ability between the parties is shown. *Pye* v. *Pye*, 133 *Ga.* 246, 250 (65 S. E. 424). In the present case, Mrs. Gillis testified that at the time of the transaction she was 76 years of age, had traveled during the day to Lyons, Vidalia, and Soperton, and was mentally weak and tired. The jury had an opportunity to observe Mrs. Gillis and Scott, and to conclude whether or not there was great mental disparity between them. This charge of the court was not erroneous for any reason assigned.

*Judgment affirmed.* *All the Justices concur, except Duckworth, P. J., who dissents.*