## FULLER *v.* STONE, executor.

WYATT, Justice. H. F. Stone, as executor of the will of M. P. Stone, deceased, brought suit against Pruda Mae Fuller, seeking the cancellation of a deed, executed by M. P. Stone in his lifetime to Pruda Mae Fuller, on the ground of great inadequacy of consideration joined with great disparity of mental capacity. A trial was had before a jury, which found in favor of the cancellation, and a judgment was entered in accordance with that verdict. A motion for new trial as amended was denied, and the defendant brought her bill of exceptions to this court. At the trial, the evidence was in conflict as to some particulars, but there was evidence to the effect: that M. P. Stone was over 85 years of age at his death in 1947; that his wife died in 1943; that after the death of his wife, M. P. Stone became worried about who would care for him, and had a conference with his family for the purpose of discussing the matter, and for the purpose of discussing the matter of making his will; that Pruda Mae Fuller, his daughter, insisted at the conference that she be deeded the farm, and that Mr. Stone refused to do so; that an oral agreement was entered into, whereby Pruda Mae Fuller was to come and live with Mr. Stone and care for him for and during his life, and in return was to receive the rents and profits from the farm; that a will was executed devising the farm to the children of M. P. Stone, share and share alike; that about two months later, the agreement above referred to was put into writing and signed by both parties; that until M. P. Stone's death, both parties abided by the agreement; that in 1946, M. P. Stone executed a deed conveying the farm to Pruda Mae Fuller, reciting as consideration, "One and no/100 dollars and services rendered"; and that the value of the farm was about $5000. Several witnesses testified that in 1946, when the

deed here attacked was executed, M. P. Stone was a feeble old man, that he could not carry on a coherent conversation, and that he had hallucinations. The attorney who drew up the deed testified that, on the day he drew up the deed, he could not make Mr. Stone understand what he wanted well enough to get from him a description of the land sought to be conveyed, and that he had to get most of his information from Pruda Mae Fuller. Several witnesses testified that, although Mr. Stone did not hear as well as a younger man, his hearing was good enough to understand ordinary conversation. Another witness testified that he saw Mr. Stone going from the courthouse on the day that the deed was executed and spoke to him, but that Mr. Stone did not show any signs of recognition, even though they were old friends. Other witnesses testified that Mr. Stone said that Pruda Mae was always nagging him to deed her the farm, but that he wasn't going to do it. There was also evidence that Pruda Mae Fuller was a strong-willed, determined woman, and that she had threatened to move away and leave the old man unless she got a deed to the farm. Numerous checks, amounting to several hundred dollars, were introduced. These checks were written on Mr. Stone's account, but witnesses testified that they were signed in Pruda Mae Fuller's handwriting: *Held*:

1. Great inadequacy of consideration joined with great disparity of mental ability in contracting a bargain, may justify equity in setting aside a sale or other contract (Code, § 37-710; *Jones* v. *Hogans*, 197 *Ga.* 404, 29 S. E. 2d, 568; *Scott* v. *Gillis*, 202 *Ga.* 220, 43 S. E. 2d, 95; *Stow* v. *Hargrove*, 203 *Ga.* 735, 48 S. E. 2d, 454; *Pye* v. *Pye*, 133 *Ga.* 246, 65 S. E. 424); and this principle is applicable whether the consideration be the payment of a sum of money or the rendition of services. *McKinnon* v. *Henderson*, 145 *Ga.* 373 (89 S. E. 415). "Under the latter principle, a deed may be set aside in equity on proof of the two elements stated, 'without proof of anything else' as to fraud." *Stow* v. *Hargrove*, supra; *Pye* v. *Pye*, supra. Mental capacity to make a deed is a question of fact to be determined by the jury. *Jones* v. *Hogans*, supra; *Scott* v. *Gillis*, supra. Under the rulings above made, and the authorities cited, the evidence in the instant case was sufficient to sustain the verdict in favor of the cancellation of the deed here attacked. See, in this connection, *Rice* v. *Rice*, 173 *Ga.* 804 (161 S. E. 594); *Russ* v. *Myrick*, 154 *Ga.* 829 (4) (115 S. E. 644); *Hubbard* v. *Rutherford*, 148 *Ga.* 238 (96 S. E. 327); *Foster* v. *Smith*, 195 *Ga.* 338 (24 S. E. 2d, 202); *Trustees of Jesse Parker Williams Hospital* v. *Nisbet*, 191 *Ga.* 821 (14 S. E. 2d, 64).

2. The amended motion for new trial contains five special grounds. Ground 2 has been expressly abandoned. Grounds 1, 3, and 4 complain of excerpts from the charge of the court, and all concern the failure of the court to distinguish between good consideration and valuable consideration. Ground 5 complains because the court failed to charge the jury the law in regard to love and affection as good consideration for a deed. Both parties treat all these special grounds together, and they will be so treated here. There is no evidence in the record to sustain the plea of the defendant in error that love and affection was the true consideration for the deed, nor is love and af-

fection the consideration recited in the deed. "The general rule is that a charge on legal principles must be adjusted to both the pleadings and the evidence . . Another general rule, the converse of the one just stated, is that an instruction as to law on a material issue, unauthorized by the evidence, is improper." *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (supra). There is no merit in any of the contentions made in the amended motion for new trial. Accordingly, the judgment of the court below denying a new trial was not error for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*

No. 17219. OCTOBER 11, 1950.

*Y. A. Henderson* and *Henry L. Barnett,* for plaintiff in error. *Maddox & Maddox* and *J. G. B. Erwin,* contra.