## GRAHAM v. THE STATE.

1. "The law does not favor convictions based upon confessions, and, least of all, upon implied confessions."
2. It is only when the circumstances require an answer or denial that silence may amount to an admission.
3. Where the defendant was under arrest, and no statement was made in his presence requiring a denial, the fact of his silence should not be admitted as evidence tending to show guilt; and it was error, over defendant's objection, to admit such evidence, or to permit an argument to be based thereon.

Submitted October 21, — Decided October 30, 1903.

Indictment for gaming.   Before Judge Freeman.   City court of Newnan.   September 1, 1903.

At the trial the arresting officer testified that the defendant, when arrested, did not deny his guilt.   This testimony was admitted over the objection of the accused that it was not shown that any charge calling for a denial was made, or that the circumstances were such as to require a denial.   Counsel for the State argued to the jury that the defendant was silent because of consciousness of guilt; and thereupon the defendant moved for a mistrial.   The court overruled this motion, and also refused to instruct the jury that the argument referred to was improper. The motion for a new trial complained of this, and of the admission of the testimony before mentioned.   From the evidence it appears that when the officer made the arrest he found the defendant and others in a ring, with cards on the ground, on which was money, and with cards in their hands; that the defendant offered to pay the officer to let him go and not to prosecute him, and that the officer refused the offer, and told him it was possible to settle the case before the justice of the peace.   The defendant in his statement to the jury said that the officer told them they could settle it if they would all plead guilty.   Nothing further appears as to what was said on the occasion referred to, except as to an offer made by another of the persons present, similar to that made by the defendant.

*A. H. Freeman*, for plaintiff in error.

*T. A. Atkinson, solicitor-general* contra.

LAMAR, J.   When declarations pointing to the guilt of the defendant are made in his presence, and under circumstances which

ordinarily render it expedient and proper for him to make reply, and, with full opportunity to explain, he says nothing in denial or explanation, the fact of his silence may be admitted for consideration by the jury.    But where he has been arrested, and nothing is said to him, or in his presence, calling for a denial, the mere fact that he says nothing should not be used to his prejudice; and to permit an argument to be based thereon but emphasizes the error in admitting the testimony.    If a defendant on trial stands mute or fails to make the statement permitted by the statute, this can not be made the basis of comment by the solicitor-general. Penal Code, § 947; *Robinson* v. *State*, 82 *Ga.* 535.    " The law does not favor convictions based upon confessions, and least of all, upon implied confessions."    *Ware* v. *State*, 96 *Ga.* 352; Penal Code, § 1003; *Brantley* v. *State*, 115 *Ga.* 230 (2); *Bell* v. *State*, 93 *Ga.* 557; 1 Bish. Cr. Proc. (4th ed.) § 1254.

*Judgment reversed.    All the Justices concur.*