## O'NEAL *v.* THE STATE.

GILBERT, J. 1. "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, are admissible in evidence as part of the res gestæ." Penal Code (1910), § 1024. "No precise point of time can be fixed a priori when the res gestæ ends. Each case turns on its own circumstances. Indeed, the inquiry is rather into events than into the precise time which has elapsed." *Thornton* v. *State,* 107 *Ga.* 686 (33 S. E. 673). Under the facts of this case the court did not err in admitting evidence of sayings of the deceased as a part of the res gestæ.

2. Complaint is made, that, after admitting the evidence of Pearson as shown in the statement following, the court instructed the jury they should not consider the evidence if they were convinced that the declarations were not made as "a part of the res gestæ but as product of afterthought." This instruction, if not technically applicable, was more favorable to the accused than otherwise, and therefore not harmful. *Thompson* v. *State,* 166 *Ga.* 512 (11), 515 (143 S. E. 896).

3. Complaint is also made of the failure of the court to give, in connection with the charge referred to in the preceding headnote, a charge that the evidence in question "should be received with great care, and weighed with caution," if the jury should believe the statements attributed to the deceased to be true and should believe them to be part of the res gestæ. Such an instruction would be appropriate as applied to dying declarations, but is not required as applied to evidence admitted as a part of the res gestæ.

4. Complaint is made in the motion for new trial, that, if the testimony held in the first headnote to be admissible as res gestæ amounted to a dying declaration, the court should have charged the jury that if they believed that the statements so made were made while the deceased was in a dying condition, and conscious of that fact, the statements should be received with great care and weighed with great caution. It not appearing that the declarations were treated by the court or counsel as dying declarations, the court did not err in failing to charge on that subject.

5. In another ground of the motion for new trial complaint is made that the court permitted Dr. Bedingfield to testify as follows: "Manning O'Neal seemed to be unwilling to do anything for the wounded man. I told Manning O'Neal: . . 'I am your friend in this thing, and we want to save that boy and not let him die. He has not got any money, and the best thing for you now is to get him to a hospital and get that leg amputated and save his life if you can, and thereby you might save a lawsuit and compromise it where it is.' Manning O'Neal said 'All right, if you think you can do that, I will pay his expenses.' . . He

[Manning O'Neal] got in the car with me and went back down to Cap O'Neal's house, and I went in and told Cap O'Neal that Manning had agreed to pay all the hospital expenses, provided they would drop it where it was and have no lawsuit about it, and the boy Cap O'Neal and his wife both said that they would be glad to do it." *Held*, that this testimony was not inadmissible for any reason stated.

6. The court did not err in failing to charge the law on either of the grades of manslaughter. This ground of the motion shows that counsel for the State and the defendant had "agreed in open court . . with the approval of the court, before arguing the case to the jury, that there was no lower grade of homicide involved in the case, and that a verdict should be rendered either for murder or an acquittal." *Threlkeld* v. *State*, 128 *Ga.* 660 (58 S. E. 49).

7. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 8196.   MARCH 13, 1931.

*Dampier & Watson,* and *G. C. Bidgood,* for plaintiff in error.
*George M. Napier, attorney-general, Fred Kea, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.