## 27540. BRANCH *v.* THE STATE.

DECIDED JUNE 8, 1939.

*Warren & Warren,* for plaintiff in error.

C. S. Baldwin Jr., *solicitor-general,* contra.

GUERRY, J. The indictment on which the defendant was tried was returned in August, 1913. The crime charged was murder, and it was alleged to have been committed in June, 1913. The defendant was not apprehended until shortly before his trial. He was living in another State and under an assumed name. The deceased was the husband of the defendant's sister. It is sufficient to say that the verdict of voluntary manslaughter was authorized by the evidence.

Complaint is made that the court erred in charging to the jury the law of voluntary manslaughter. "If there be any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both of these offenses should be given." *Griffin* v. *State,* 18 *Ga. App.* 462 (89 S. E. 537). This principle is too well established to need further citations. A careful reading of the evidence in this case convinces us that in the event the defendant had been convicted of the offense of murder, a new trial would have been demanded if the court had failed to charge the jury on voluntary manslaughter. It does not appear that there was any error in the charge on the subject of voluntary manslaughter, when the charge is considered as a whole.

Complaint is made that the solicitor-general waived the opening argument, and agreed with counsel for defendant that the only law in the case was the law of murder and justifiable homicide, and that, relying on that statement of the solicitor-general, counsel for defendant did not argue that feature of the case to the jury. Counsel for defendant, at the time of his argument, presented to the court certain requests to charge, and asked the court whether he was going to charge the law of voluntary manslaughter, and the court replied that he did not think the law of voluntary manslaughter was involved in the case and that he was not going to charge it. The solicitor-general, when he came to argue the case, stated to the court that he had decided voluntary manslaughter was involved, and that he was going to ask the court to charge on that subject. After argument, the court privately asked counsel for the State and the defendant to state their views on the question whether

the law of voluntary manslaughter was involved in the case. Counsel differed on the question, and after argument the court stated that he thought it proper to charge thereon. Complaint is made that this conduct deprived defendant of the benefit of his argument to the jury on this subject. No request was made to make further argument after counsel was notified that the State would contend that the law of voluntary manslaughter was involved. The facts here detailed are clearly distinguishable from the facts of the case of *O'Neal* v. *State,* 172 *Ga.* 526 (158 S. E. 51). See in this connection *Andrews* v. *State,* 134 *Ga.* 71 (67 S. E. 422). There, both counsel agreed in open court, and with the approval of the court, that there was no lower grade of homicide involved. After a conviction of murder counsel for the defendant complained that no such charge was given, and the court properly held that the defendant was bound by such agreement. It was too late after conviction, and after having obtained the benefit of the agreement, to ask that it be disregarded. It is clearly apparent here that, although such agreement had been made originally, defendant's counsel was notified that counsel for the State had changed his mind. It does not appear that any injury, if such there was by reason of the fact that this principle had not been argued to the jury, could not have been remedied at the time. No such point was raised at the time, nor was any request made to argue this principle to the jury. While we would hold the State's counsel to any agreement made which might overreach or result in injury to the defendant, we do not think such was the result under the circumstances in the present case.

The remaining assignments of error are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*