Rosborough *v.* The State.

Duckworth, Chief Justice. 1. On the trial of one charged with a particular crime, evidence which tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. *Williams v. State,* 152 *Ga.* 498 (110 S. E. 286); *Cawthon v. State,* 119 *Ga.* 395 (46 S. E. 897); *Frank v. State,* 141 *Ga.* 243 (80 S. E. 1016); *Bacon v. State,* 209 *Ga.* 261 (71 S. E. 2d, 615). The evidence here of an accusation of assault and battery upon which the accused had been previously convicted has no logical connection whatsoever with the case on trial, which charged the accused with robbery by force, and the court erred in overruling the second special ground of the motion for new trial, complaining of the admission of such evidence.

2. The testimony of the arresting officer as to a previous charge of robbery by force against the accused was clearly hearsay, as he was without personal knowledge of the facts about which he testified, not having been present when the crime occurred or having heard the sworn testimony of the witnesses thereto in court. Accordingly, the court erred in· overruling the third special ground of the amended motion for new trial, complaining thereof. Code, § 38-301. Nor was the evidence of a previous conviction of robbery by force connected up in such a way as to show scheme, motive, plan, or criminal bent of mind here, sufficient to come within the exception to the general rule

in headnote 1 above. See *Frank* v. *State*, 141 *Ga.* 243 (supra); *Williams* v. *State*, 152 *Ga.* 498 (supra); *Wilson* v. *State*, 173 *Ga.* 275 (160 S. E. 319); *Dorsey* v. *State*, 204 *Ga.* 345 (49 S. E. 2d, 886).

3. The testimony of the arresting officer as to statements made to him by a cab driver, in the presence of the accused, regarding the activities of the accused while a passenger during the night after the crime was committed, was hearsay also, not being original evidence, under Code § 38-302, nor an exception to the hearsay rule. See Code, Chapter 38-3. Compare *Moss* v. *Moss*, 147 *Ga.* 311 (3) (93 S. E. 875); *Garrett* v. *State*, 157 *Ga.* 817 (122 S. E. 211); *Phillips* v. *State*, 206 *Ga.* 418 (57 S. E. 2d, 555). Nor was it admissible as an admission by acquiescence or silence, as argued by counsel for the State, since the circumstances here required neither an answer nor a denial by the accused. *Graham* v. *State*, 118 *Ga.* 807 (45 S. E. 616); *Johnson* v. *State*, 151 *Ga.* 21, 24 (105 S. E. 603). Therefore, the court erred in overruling the first special ground of the motion for new trial, complaining of the testimony as hearsay.

4. The fourth special ground and the general grounds of the motion, not having been argued in this court or insisted on in the briefs of the plaintiff in error, will be treated as abandoned. Code, § 6-1308; *Terry* v. *Fickett*, 199 *Ga.* 30 (33 S. E. 2d, 163); *Smith* v. *Tippins*, 207 *Ga.* 262 (61 S. E. 2d, 138).

5. Since there must be a new trial, and since the grounds of complaint in the exceptions pendente lite may never occur again, no ruling is here made thereon.

*Judgment reversed. All the Justices concur.*

No. 17982. ARGUED SEPTEMBER 9, 1952—DECIDED OCTOBER 14, 1952.

*Joseph B. Cramer*, for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Thomas M. Johnson Jr., Eugene Cook, Attorney-General*, and *J. R. Parham, Assistant Attorney-General*, contra.