### 19333. Wilson *v.* The State.

Candler, Justice. Alton Wilson, Jr., was indicted in Lowndes County for the murder of A. C. (Dick) Walden, Jr. He has been twice convicted of that offense and on each conviction was sentenced to be electrocuted. His first conviction was reversed by this court because the solicitor-general in his argument to the jury urged them to convict him without recommendation and referred to the legal possibility of his being later paroled or pardoned. *Wilson* v. *State,* 212 *Ga.* 157 (91 S. E. 2d 16). To his second conviction he moved for a new trial on the usual general grounds, and amended his motion by adding five special grounds. His amended motion was denied and the exception is to that judgment. *Held:*

1. The general grounds of the motion for new trial are without merit, since the verdict was amply supported by evidence.

2. Over the defendant's objection that it related to a separate and distinct offense and placed his character in issue when he had not previously elected to do so, Roosevelt Whitfield, a witness for the State, was permitted to testify that the defendant, shortly prior to the time he allegedly killed Walden, but at a different place, pointed a pistol at him. Special ground one of the motion alleges that the admission of Whitfield's testimony was erroneous. This ground is meritorious. The transaction about which the witness was allowed to testify was distinct, independent of, and wholly separate from the one for which the defendant was being tried, and it is well settled by numerous decisions of this court that such evidence is irrelevant and inadmissible. See *Bacon* v. *State,* 209 *Ga.* 261 (71 S. E. 2d 615), and the several cases there cited.

3. As a witness for the State, P. J. Dorminy testified that he asked the accused why he shot Dick Walden, and that he replied: "Well, when he turned, the temptation was just too great." Sheriff J. L. Futch, also a witness for the State, testified that the accused on several different occasions admitted to him that he shot the deceased Walden. The defendant timely and in writing requested the judge to give the following charge: "I charge you, gentlemen, that all admissions must be scanned with care."

The requested charge was not given, and special ground two alleges that the judge erred in refusing to so instruct the jury. Code § 38-420 declares that all admissions shall be scanned with care. For a conviction in this case, the State relied strongly on the defendant's incriminating admissions which the witnesses Dorminy and Futch testified about, and the judge's failure to give the requested charge was reversible error; and this is especially true since the judge in his general charge omitted to give the jury any instruction as to the weight which should be given to any incriminating admission made by the defendant. See *Russ* v. *Myrick*, 154 *Ga.* 829 (3) (115 S. E. 644).

4. The remaining special grounds of the motion have been carefully examined, and it is sufficient to say that they are without merit.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1956—DECIDED JUNE 12, 1956.

*Robt. W. Reynolds, Peter W. Walton*, for plaintiff in error.

*J. B. Edwards, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.