## 27918. FOSTER v. THE STATE.

UNDERCOFLER, Justice. Appellant was convicted of aggravated assault and murder. He was sentenced to 10 years and life to run consecutively. He appeals. *Held:*

1. The evidence shows that on August 9 about 4:00 p.m. in Macon, Georgia, the defendant, Charlie Jacobs, and Ernest Eugene Johnson entered Miller's Drive-In grocery store. Present in the store were Mrs. Miller, her 22-year-old grandson who worked there, and another woman employee. Ernest Eugene Johnson pointed a pistol at Mrs. Miller and then hit her on the head with it. Charlie Jacobs shot twice and killed the grandson; Charlie Jacobs attempted to open the cash register but failed. The three men fled in an automobile. The defendant in an unsworn statement admits being present but states that Jacobs and Johnson went in the store to get a sandwich while he

stayed in the car. Then he saw he needed a pack of cigarettes and went in the store and got caught in the robbery. He stated Jacobs told the grandson to open the cash register and when he refused he shot him. He further stated the other men forced him to leave with them. The state introduced evidence that approximately four hours prior to the crime for which the defendant was being tried, O'Ranger Supermarket, a grocery store, was robbed by the defendant, Charlie Jacobs and Miller Hollingshed. They pretended to be making a purchase of some small items, handed the operator a $20 bill and when she opened the cash register Charlie Jacobs pointed a pistol at her and the store was robbed. The evidence shows that the appellant had a gun at this time but did not draw it. Enumerated error No. 1 contends the trial court erred in allowing into evidence other criminal acts alleged to have been committed by the defendant for which he was not on trial. We do not agree. Evidence of the prior alleged robbery was admissible to show motive and intent. *Morris v. State,* 228 Ga. 39, 45 (184 SE2d 82). Enumerated error No. 2 that the trial judge erred in not granting a mistrial because the defendant's character was placed in issue by evidence of the prior alleged robbery is without merit.

2. Enumerated error No. 3 contends the trial court's charge on the "Felony Murder Rule" was error in that he limited the rule to armed robbery and did not include aggravated assault. Appellant argues, "The jury should have been allowed to consider the attempted armed robbery and aggravated assault as part of the same transaction. Therefore, the murder conviction had to apply to both offenses. But the judge narrowed it to only the attempted armed robbery. This, of course, was prejudicial to the defendant because he was put in the position of being punished twice for the same crime." There is no merit in this contention. The

grandmother was the victim of the aggravated assault and the grandson was killed, both of which crimes occurred during the armed robbery. The aggravated assault, the armed robbery, and the felony-murder are separate crimes. "[T]he crimes of robbery and murder are separate crimes even though both are committed in the same transaction. *Harris v. State,* 193 Ga. 109, 119 (17 SE2d 573, 147 ALR 980)." *Lindsey v. State,* 227 Ga. 48, 52 (178 SE2d 848); Warren on Homicide 318, 329, § 74. See Code Ann. § 26-506 (a) (Ga. L. 1968, pp. 1249, 1267).

3. Enumerated error No. 4 contends the court erred in failing to charge on withdrawal from a conspiracy. We do not agree. We have read the record thoroughly and find no evidence that the defendant made any attempt to withdraw from the conspiracy. The defendant contended that he was never a part of any conspiracy. The trial judge charged fully on conspiracy.

4. The indictment for aggravated assault contained two other counts of armed robbery and aggravated assault against the murder victim, both of which were abandoned. Enumerated error No. 5 contends that the trial court erred in allowing the indictment to go out with the jury without obliterating the two counts which were abandoned. The court charged the jury that they were not to consider these two counts of this indictment. The record shows that the court approved "blocking out" the two counts in the indictment which had been abandoned. There is nothing in the record which shows that this was not done. Nevertheless, if the jury saw the entire indictment it was harmless error. One count which was abandoned was armed robbery and the other was aggravated assault on the murder victim. The jury was very cognizant that the state was proceeding under the felony-murder statute during an armed robbery and for the murder of the victim.

5. Enumerated error No. 6 contends the trial court erred in allowing prior convictions in evidence during the penalty phase of the trial because it denied defendant equal protection of the laws. No constitutional attack is made on the Georgia statute. There is no merit in this contention. Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902).

6. Enumerated error No. 7 contends the trial court erred in sentencing the defendant separately on the murder conviction and aggravated assault since the latter crime was a part of murder conviction. There is no merit in this contention. See Division 2 of this opinion.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 14, 1973 —DECIDED MAY 31, 1973.

*Richard M. Nichols,* for appellant.

*Fred Hasty, District Attorney, Walker P. Johnson, Jr., Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.