### 30352. ALLANSON v. THE STATE.

NICHOLS, Chief Justice.

Walter Thomas Allanson was indicted and convicted of the murders of his mother and father. After receiving two life sentences to be served concurrently, the defendant's motion for new trial was overruled and the present appeal filed.

1. Five days prior to the victims' being murdered by shotgun blasts at close range, they had been in Forsyth County, Georgia, some 50 miles from their home, where approximately nine shots from a .22 caliber weapon had been fired into their automobile. Testimony was adduced which would authorize a finding that someone had cut tree limbs so as to create a blind to conceal the identity of the person shooting the .22 caliber weapon. One witness testified as to having seen the defendant's pick-up truck near such location on that day, and another witness testified as to having seen a truck which resembled the truck identified as being owned by the defendant. The

first enumeration of error complains of the admission of this testimony. No contention is made that testimony of a prior attack by the defendant (five days before the murder) upon the victims would not be admissible under the exceptions stated in *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952); but the contention here made is that circumstantial evidence that the defendant fired shots at the victims on such prior occasion would not authorize its admission into evidence.

Stated differently, the defendant's contention is that while circumstantial evidence would be admissible to show that he committed the crime charged, yet circumstantial evidence of another attempt on the victims would not be admissible and that only direct evidence of such other attack would be admissible to show a previous difficulty between the accused and the deceased.

In *Evans v. State,* 227 Ga. 571 (4) (181 SE2d 845) (1971), it was held that circumstantial evidence that the defendant was involved in a prior shooting incident was admissible to show a previous difficulty between the defendant and the deceased. See also *Starke v. State,* 81 Ga. 593 (2) (7 SE 807) (1888). It was not error to admit the evidence of the incident which took place five days prior to the homicide.

2. The evidence disclosed that Walter O. Allanson was shot while in the basement of his home, that his wife was shot while on the staircase leading to the basement of their home as she was going down such stairs and at a time when she had reached approximately the fourth step from the bottom. Immediately prior to the time when the victims were shot, Walter O. Allanson had gone into the basement to investigate as a result of the telephone lines leading to the house having been cut sometime during that day and had shouted from the basement that he had "him" cornered in the cubbyhole and to get the children (grandchildren of the victims) out of the house. This was done by a neighbor who was also present in the house. Walter O. Allanson then called for his wife to bring him the rifle. As she was going down the steps with the rifle and when she was almost to the bottom, she screamed hysterically "Tommy, Tommy, Tommy." Immediately, she was shot and fell backward on the steps where she

died instantly.

The second enumeration of error contends that the trial court erred in failing to instruct the jury without request that the res gestae statement by the defendant's mother, "Tommy, Tommy, Tommy," should be scanned with care if the jury should believe the statement attributed to the deceased was true.

"Complaint is also made of the failure of the court to give, in connection with the charge . . . a charge that the evidence in question 'should be received with great care, and weighed with caution,' if the jury should believe the statements attributed to the deceased to be true and should believe them to be part of the res gestae. Such an instruction would be appropriate as applied to dying declarations, but is not required as applied to evidence admitted as a part of the res gestae." *O'Neal v. State,* 172 Ga. 526 (3) (158 SE 51) (1931). It was not error to fail to charge as contended in the second enumeration of error.

3. The third enumeration of error complains of an excerpt of the court's charge dealing with intent. After instructing the jury that intention is a material element in the crime charged and is capable of proof in more than one way, provided the jury believes that it existed from the facts proven, and it may be inferred from the proven circumstances or by acts or conduct or may be presumed when it is a natural and necessary consequence of an act, the court charged: "The law presumes that every act which is in itself unlawful was criminally intended until the contrary is made to appear. The question of intent is for you, the jury, to determine." It is contended that the quoted charge constituted reversible error.

It has long been the rule that malice will be presumed in criminal cases where death is caused by a gun unless the state's evidence shows mitigating circumstances, justification or alleviation. See *Favors v. State,* 234 Ga. 80 (7) (214 SE2d 645) (1975). "To kill by using a deadly weapon in a manner likely to produce death, will raise a presumption of intention to kill." *Moon v. State,* 68 Ga. 687 (7); *Davis v. State,* 233 Ga. 638, 639 (212 SE2d 814) (1975). Accordingly, while the charge complained of could be inappropriate in another type case, yet, where as here, the defendant is on trial for murder with a deadly weapon,

the charge complained of shows no harmful error.

4. Under decisions exemplified by *Rooker v. State,* 211 Ga. 361 (3) (86 SE2d 307) (1955); *Beckworth v. State,* 183 Ga. 871 (3) (190 SE 184) (1937), it was not error to admit testimony, over objection, as to the defendant's not shedding any tears when told of his parents' deaths. The fourth enumeration of error is without merit.

5. The fifth enumeration of error complains of the failure of the trial court to grant a motion for mistrial. During the examination of the defendant's mother-in-law (a witness for the defendant), late in the afternoon of the fourth day of the five-day trial, remarks were made between counsel for the defendant and counsel for the state. A review of all colloquies between counsel while this witness was testifying discloses improper remarks by both counsel. No objection or motion for mistrial was made until the jury had been sent from the courtroom at the end of the hearing on that day. Counsel for the defendant then made a motion for mistrial based upon the improper remarks of the state's attorney. In overruling the motion for mistrial, the court stated that to specifically instruct the jury with reference to the remarks would be somewhat untimely and relatively meaningless, but that a general instruction to the effect that the jury should disregard statements and comments of counsel in arguments to each other inasmuch as they are not witnesses and not under oath would be appropriate. The court then advised counsel for the defendant that if he would write out the exact language he would like charged and, if there were no objections from the state, he would instruct the jury exactly in accordance with his words. The trial was then recessed for the night, and the record does not disclose that any instructions were submitted or requested the following morning by counsel for the defendant and none was given.

The failure of counsel for the defendant to either submit a requested charge or to expressly object to the court's direction that he should prepare such a charge was a waiver of the motion for mistrial where such instructions would have cured any harm caused by the remarks made by the state's attorney. The decision not to submit a requested instruction, which the trial court was

to give verbatim, must be construed as a trial tactic inasmuch as counsel for the defendant could well have determined that no charge was preferable, insofar as the defense was concerned, to the general charge to disregard statements, comments and arguments of counsel to each other. This enumeration of error is without merit.

6. The sixth enumeration of error complains that the trial court erred in refusing to give four requested charges dealing with eyewitness testimony. Each of these requested charges warned the jury of the possible dangers of mistaken identification of an accused. In this case, as in *Young v. State,* 226 Ga. 553, 557 (176 SE2d 52) (1970), the trial court stressed the necessity that the offense charged must be proved beyond a reasonable doubt, and it was not error to refuse to give the requested instructions. See also *Micheli v. State,* 222 Ga. 361 (149 SE2d 803) (1966); and *Knight v. State,* 133 Ga. App. 808 (3) (212 SE2d 464) (1975). This enumeration of error is without merit.

7. The last enumeration of error contends that the evidence did not authorize the verdict. The evidence in this case, though circumstantial, amply authorized the verdict and the trial court did not err in overruling the motion for new trial on this ground.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1975 — DECIDED OCTOBER 28, 1975 — REHEARING DENIED NOVEMBER 24, 1975.

*Garland, Nuckolls & Kadish, Edward T. M. Garland,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, William Weller, Assistant District Attorneys,* for appellee.