## 31391. FRENCH v. THE STATE.

JORDAN, Justice.

Appellant French and Michael Fortson were jointly tried and convicted of armed robbery and French appeals.

1. The trial court did not err in denying appellant's pre-trial written motion for severance.

2. There was direct eyewitness testimony from one of the victims that appellant was one of the robbers. There is sufficient evidence to support the guilty verdict.

3. At the trial, the state was allowed, over objection, to introduce evidence of independent crimes as similar transactions through the testimony of four witnesses. The witnesses testified to being victims of armed robberies which had various similarities to the one for which the appellant was charged. None of the four witnesses was able to make an in-court identification of appellant. There

is no evidence in the record that any of these witnesses ever identified appellant. While it is clear that there was ample evidence to connect appellant's co-defendant with these independent crimes, the most that can be said of the evidence connecting appellant with these crimes is that it showed that in three of the four robberies, one of the men was short. Appellant is short.

Before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952); *Howard v. State,* 211 Ga. 186 (84 SE2d 455) (1954).

The importance of the first condition has long been recognized by this court: "In order to justify the admission of evidence relating to an independent crime committed by the accused, *it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused. . ." Cawthon v. State,* 119 Ga. 395, 409 (46 SE 897) (1904). Even if we were to find that the requirement of a connection between the independent offenses and the crime charged here was met, we could not find, on this record, that there was sufficient evidence that appellant committed these prior robberies. As noted above, the only evidence of identity to connect appellant with the prior robberies was that both he and one of the culprits in the prior robberies was short. One of the witnesses who stated that he would recognize the shorter robber, if he ever saw him again, was unable to identify appellant as the man. Evidence of independent criminal acts can have a strong impact on the jury. Such evidence may be circumstantial as in *Allanson v. State,* 235 Ga. 584 (221 SE2d 3) (1975), but it must be more than mere speculation before the exception to Code Ann. § 38-202, recognized in *Bacon v. State,* supra, becomes applicable. The appellant made a timely objection to the introduction of this evidence and the evidence should have been excluded. We cannot say that the error was harmless.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 30, 1976 — DECIDED SEPTEMBER 28, 1976.

*William L. Gower,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.