### 32192. HAMILTON v. THE STATE.

PER CURIAM.

Appellant, Henry Albert Hamilton, and his co-defendant, Leanders Glass, were convicted on four counts of armed robbery in the Fulton Superior Court. Appellant received two 20-year sentences to serve and two 20-year sentences on probation. We consider only the appeal of appellant Hamilton in this case.

The two defendants were charged with having committed the offense of armed robbery upon Bruce H.

Morris, Leslie Morris, Michael Mandel, and Glenn Howard in the early morning hours of July 12, 1975. Three of the four victims testified that on the night in question they were seated on the porch of the Morris' home located at 887 Argonne Avenue in the residential subdivision of Atlanta, known as Midtown. Two black males carrying guns approached the porch and ordered the four of them to lie down. They relieved Mr. Morris of his keys and wallet and then ordered the group upstairs where they again ordered them to lie down and then tied their hands and feet. The two armed intruders threatened, physically intimidated, and assaulted the victims, demanded an instant banker money card which was not forthcoming, and then absconded with various small items of personal property (including Mr. Morris' Gulf credit card) and money taken from the victims and found in the house.

At trial, Mr. Morris testified as to the foregoing facts but he could not positively identify either defendant as the perpetrator of the crime. Mrs. Morris testified at trial and identified defendant Glass as one of the robbers but she could not identify the appellant as being the other robber. Mr. Howard's testimony corroborated the testimony given by Mr. and Mrs. Morris as to the events of the robbery itself. He, too, identified the defendant Glass as one of the robbers. However, he could not identify the appellant as being the other robber.

At trial, Mr. Morris identified state's exhibits 3-9 as being receipts from his Gulf credit card which had been used to pay for oil and gasoline shortly after the credit card had been stolen. The license tag number appearing on six of those seven credit card receipts was RAN-490, with the digit "9" appearing to have been marked over. The license tag number appearing on the seventh credit card receipt was RAN-410.

Mr. Roosevelt Willingham, a service station dealer, testified that on July 23, 1975, he sold gas to a person driving a 1969 or 1970 Cadillac with a tag number RAN-410. The buyer presented a credit card issued to Bruce Morris. As the buyer signed the credit card receipt he changed the tag number from RAN-410 to RAN-490. The witness was unable to identify appellant as the

driver.

Officer Tommy Jackson, Jr., of the Atlanta Police Department, testified that he arrested appellant driving a Cadillac with the tag number RAN-410. A search of this car uncovered several coins introduced into evidence by the state as state's exhibits 20-23.

Over defense objection, Mrs. Ann Zimmermacker testified that on the evening of July 6, 1975, she and her husband were robbed in their Northside Atlanta apartment by two armed black males who forced them to lie on the floor and tied them up. They specifically wanted to know if the Zimmermackers had any instant money charge cards. Mrs. Zimmermacker positively identified defendant Glass and the appellant as the perpetrators of that robbery.

Over defense objection, Glenda Bridges testified that on the evening of July 2, 1975, she was robbed in her Atlanta apartment by two people. She identified one of them as defendant Glass who she testified was carrying a gun. He forced her onto the floor and tied her up. He also wanted to know if she had any twenty-four hour bank cards. She could not identify the second person involved in the robbery.

Over defense objection, Shirley Harding testified that on the evening of July 21, 1975, she and her family were robbed in their Northside Atlanta apartment in the Buckhead area by two armed black males who forced Mrs. Harding and her husband into one of the bedrooms, ordered them to lie on the floor and tied them up. They demanded an instant money bank card. Mrs. Harding identified defendant Glass as one of the perpetrators of the robbery. Mrs. Harding's son, Price Harding, testified that his coin collection was stolen in the robbery. He identified the coins in state's exhibits 21 and 22 as being his coins and the coins in state's exhibit 23 as being just like his coins. Price Harding also identified Glass as one of the robbers.

The appellant testified in his own behalf and denied any involvement in the armed robberies as did the co-defendant Glass. On cross examination the appellant admitted that he owned a Cadillac with a license tag number RAN-410.

In the first enumeration of error we consider, appellant contends that the trial court erred in admitting over timely objection of defense counsel evidence of separate crimes allegedly committed by appellant.

*Moore v. State,* 221 Ga. 636, 637 (146 SE2d 895) (1966) states the general rule that, " 'On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other.' *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952)." Thus, before evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State,* 237 Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. See, e. g., *Foster v. State,* 230 Ga. 666 (198 SE2d 847) (1973); *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974); *McNeal v. State,* 228 Ga. 633 (187 SE2d 271) (1972); *Biegun v. State,* 206 Ga. 618 (58 SE2d 149) (1950); *Allen v. State,* 201 Ga. 391 (40 SE2d 144) (1946).

In the present case, witnesses Ann Zimmermacker, Glenda Bridges, Shirley Harding, and Price Harding testified, over timely objection of appellant's defense counsel, as to armed robberies allegedly committed by the appellant for which he was not on trial. Appellant's counsel argued that such evidence improperly placed appellant's character in issue.

In her testimony, Mrs. Ann Zimmermacker identified appellant as the perpetrator of the robbery

committed against her, satisfying the first requirement for admission of such evidence.

To satisfy the second requirement, there must be a sufficient similarity between the two armed robberies so that proof of the one tends to prove the other. The similarities between these two armed robberies are that they were both committed within a period of one week at night in residential areas of Atlanta by two black males who tied up the victims and intimidated them, took small items of personal property and cash eschewing larger items of property, and demanded instant banker money cards.

While the question presented is close, we believe the evidence of this independent armed robbery was admissible for the limited purpose of showing identity and a common scheme.

The witness Price Harding could not positively identify appellant as the perpetrator of the armed robbery committed at his home but he did identify the coins (state's exhibits 21-23) found in appellant's car at the time he was arrested as the fruits of that crime. The fact that appellant was in recent possession of these stolen goods, unaccounted for, is some evidence that appellant stole the goods. "[T]he possession of recently stolen goods, unaccounted for, raises an inference that the possessor is the one who stole the goods, . . ." *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202) (1970). The elements of the two armed robberies are also sufficiently similar to allow admission into evidence of this other armed robbery. We also hold the testimony of the witness Shirley Harding was admissible against appellant, even though she did not identify him as the perpetrator of that armed robbery in view of the other evidence connecting appellant to the commission of that crime.

This leaves the testimony of the witness Glenda Bridges.

Assuming, without deciding, that the trial court erred in allowing her testimony to be introduced, any error would be harmless because the evidence against the defendant is overwhelming. To reverse a jury finding of guilty in the face of such overwhelming evidence would be a perversion of justice. Applying the standard for

harmless error set out in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976), it can be fairly said that it was highly probable that any erroneous admission of Glenda Bridges' testimony did not contribute to the judgment in this case.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

SUBMITTED APRIL 8, 1977 — DECIDED MAY 12, 1977 — REHEARING DENIED MAY 26, 1977.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.

INGRAM, Justice, dissenting.

I dissent to the judgment of the court in this case primarily because, without expressly saying so, the majority has greatly weakened the doctrine of *Bacon v. State,* supra. I submit that by disposing of this case through the use of the harmless error doctrine, the court is inviting district attorneys to place in evidence any number of independent crimes and then justify doing so by urging that even if it is error it is harmless. Where do we stop? The prosecution in this case got three out of four safely in evidence. Would the result be the same with two out of four, or only one out of four? I cannot honestly say that this jury was not significantly influenced by the illegal admission of this evidence of an independent crime. If you doubt that the *Bacon* doctrine is being eroded, read the following cases: Cf. *Rosborough v. State,* 209 Ga. 362 (2) (72 SE2d 717) (1954); *Howard v. State,* 211 Ga. 186 (3) (84 SE2d 455) (1954); *Wilson v. State,* 212 Ga. 412 (2) (93 SE2d 354) (1956); *Wood v. State,* 224 Ga. 121 (5) (160 SE2d 368) (1968) with *Campbell v. State,* 234 Ga. 130 (214 SE2d 656) (1975); *Allanson v. State,* 235 Ga. 584 (1) (221 SE2d 3) (1975); and *Fears v. State,* 236 Ga. 660 (1) (225 SE2d 4) (1976). These cases show a remarkable trend, in my judgment, towards the liberal admission into

evidence of independent crimes. If this is to be the new rule, why not just say, boldly and plainly, that the barrier has been lifted and defendants will now be tried on their record irrespective of any connection with the alleged crime on trial.

A second, but no less important, reason for my dissent in this case is because I think the majority are mistaken in their assertion that there was "overwhelming evidence" of guilt in this case. The evidence, upon which the conviction must depend, is entirely circumstantial and certainly is not overwhelming. I agree that it is legally sufficient but it does not approach the degree of persuasion attributed to it by the majority opinion. I wrote the opinion for this court upholding the conviction of the co-defendant in this case (*Glass v. State,* 239 Ga. 78, post, but I believe this defendant is entitled to a new trial.