## 59586. SMITH v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals her conviction for cruelty to a child.

The case arose in March 1979 when the mother of a three-and-a-half-year-old boy picked him up from defendant's home, where he had been kept by defendant as a daily babysitter for nearly two months, and the mother noticed that the boy's face was bruised. The mother testified that defendant said her own two-year-old son had hit the boy and that he had fallen a couple of times; that as she drove off with her son the boy said defendant had hit him and indicated his face; and that admitted photographs of the boy's face taken the day after she discovered the injury depicted his appearance at the time she got him from the defendant and showed fingerprints on his face. The father testified that when he saw the boy somewhat later the same evening his whole face was red and, on

questioning, the boy said defendant hit him. The boy did not testify but was exhibited to the jury. Defendant testified that the boy's injury resulted from falling and colliding with her son and denied inflicting the injuries.

Two physicians who had not seen the boy testified as experts from the photographs taken the day after the injury was discovered and in response to hypothetical questions gave their opinions that the injury was consistent with the mother's contention that the boy had been slapped and not consistent with defendant's that he had fallen and been struck by her son. Dr. Boggess, a third physician who examined the boy the same day his mother observed the injury, testified that the boy only had a bruise on his right cheek; that contrary to the mother's testimony the photographs did not depict the boy's appearance when he saw him nor any fingerprints on his cheek; and that the redness in the photographs looked like a viral infection to him. His opinion was that the injury was consistent with defendant's version of what had caused it. Evidence was also received which indicated circumstantially that another child cared for by defendant about a year earlier had been found with an injury to the face. *Held:*

1. Defendant contends that the trial court erred in admitting evidence of a previous incident of child abuse claimed to have been committed by her. Over objection, several witnesses testified about the incident. A sheriff's investigator testified that defendant had been reported on May 9, 1978 for physically abusing the Wymore child. The Wymore boy's father testified that he and his wife lived across the street from defendant and that defendant had babysat for their year-old son in February and March 1978; that they had stopped using defendant for a babysitter because they felt the boy was being beaten; that in the first week in April 1978 the boy had black and blue marks around his mouth and upper cheek which defendant said was caused by his falling; that on the following day the boy appeared reinjured in the same place and defendant said he fell again; that his wife took the boy to Dr. Tepper the next day; that he was never drunk when he picked up the boy from defendant and had not injured the boy himself.

Dr. Tepper, a pediatrician, testified that he saw the Wymore boy on May 3, 1978 when his mother brought him in; that the mother said the boy had been beaten or abused but the doctor did not state by whom the abuse was allegedly inflicted; that his examination revealed bruises on the inside of the mouth and lower lips; that the condition he observed was consistent with the explanation the mother gave him; and that he filed a report of child abuse. The mother did not testify.

After the foregoing was presented in the state's case in chief, defendant testified that she knew nothing of the Wymore complaint until March 14, 1979, when an investigator came to see her about the instant complaint; that she kept the Wymore boy for four months until the end of April 1978; that Wymore was usually drunk when he came to pick up the boy and because of his drinking she told the Wymores she did not want to babysit for them anymore; and that she did not abuse their son who had injured himself by falling on two consecutive days.

Before this evidence was admitted, and again during the charge, the trial court instructed the jury that the sole purpose of the evidence was to determine defendant's knowledge, motive, intent, state of mind, or identity concerning the offense being tried; that whether defendant committed the Wymore injuries was for the jury to determine, and if they believed she did, they were to consider the evidence for the stated limited purposes.

"[B]efore evidence of independent crimes is admissible two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. [Cit.]" *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515).

Defendant claims that the evidence is insufficient to identify her as the perpetrator of the independent crime. Circumstantial evidence may be used to establish a prior similar offense. *Allanson v. State,* 235 Ga. 584 (1) (221 SE2d 3). Whether the circumstantial evidence was enough to show defendant to be the perpetrator was submitted to the jury with appropriate instructions. We find that the evidence was sufficient to support such a finding if the jury chose to make it.

Defendant also claims that the prejudicial effect of this evidence outweighed its relevance. We do not agree. "Generally, evidence of independent crimes is inadmissible unless its relevance . . . outweighs its prejudicial impact. [Cits.]" *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775). However, the evidence was highly relevant in determining whether defendant had committed the offense charged as there was "sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." *Hamilton v. State,* 239 Ga. 72, 75, supra. And, since there is seldom a competent witness other than the defendant to what occurred in a child abuse case, courts should be as liberal in admitting corroborative evidence of prior similar offenses as they have been in sexual offense cases, where "evidence

of similar previous transactions is admissible . . . to corroborate testimony of the victim as to the act charged. [Cits.]" *Warren v. State,* 95 Ga. App. 79, 80 (97 SE2d 194). The court did not err in admitting the evidence.

2. The second and third enumerations are the general grounds and that the court erred in denying a motion for a directed verdict of acquittal. There was no error in denying the motion for acquittal as the evidence was in conflict and did not demand a verdict of acquittal. "It is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. [Cit.]" *Muhammad v. State,* 243 Ga. 404, 407 (254 SE2d 356). Where a "conviction rests only on circumstantial evidence . . . to convict this evidence must exclude every other reasonable hypothesis save that of . . . guilt. Code § 38-109. However, questions of reasonableness are generally for the jury to decide under proper instructions. [Cit.]" *Williams v. State,* 239 Ga. 12, 13 (235 SE2d 504).

"The jury is the sole and exclusive judge of the credibility of witnesses, and after verdict, a reviewing court must construe the evidence in favor of the judgment rendered . . ." (*Malone v. State,* 142 Ga. App. 47 (1) (234 SE2d 844)) and, " '[w]hile there is considerable evidence in the record to authorize the jury to have found the defendant not guilty . . . the jury in criminal cases is the arbiter of all conflicts, and having resolved such issues against the defendant . . .' " (*Walker v. State,* 130 Ga. App. 860, 865 (205 SE2d 49)), "[c]onsidering that evidence in the light most favorable to the prosecution, a rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, [443] U. S. [307] (99 SC [2781], 61 LE2d 560) (1979)." *Stinson v. State,* 244 Ga. 219, 222 (259 SE2d 471).

3. The trial court did not err by not charging on defendant's good character. The only evidence of character was from four witnesses who were familiar with defendant's reputation for truth and veracity and stated that they would believe her under oath. No request to charge was made. No evidence of character beyond that for truth and veracity was elicited. A charge on credibility of witnesses was given which encompasses a witness' character for truth and veracity. There was no other character evidence to which a general charge on good character could be applied. We do not find this to be an exceptional case which requires a charge on good character be given absent a request. See *Seymour v. State,* 102 Ga. 803 (30 SE 263). "A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject

will not require a new trial." *Scott v. State,* 137 Ga. 337 (3) (73 SE 575).

4. The trial court charged that "[t]he acts of a person of sound mind and discretion are presumed to be the products of a person's will. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but these presumptions may be rebutted." Citing Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), it is claimed that this charge erroneously shifted the burden of persuasion to defendant. The claim is not meritorious. A similar charge has been upheld by the Supreme Court of Georgia, which said: "This was not the kind of mandatory presumption presented in Sandstrom, which could have been interpreted by reasonable jurors as either conclusive or burden-shifting. As the Court wrote, Sandstrom's jury 'were not told that the presumption could be rebutted . . .' 61 LE2d 39, supra.

"The charges given Skrine's jury on this subject, taken together, created merely a permissive presumption of the type considered in County Court of Ulster County v. Allen, —— U. S. —— (99 SC 2213, 60 LE2d 777) (1979). Such a presumption 'allows — but does not require — the trier of fact to infer the elemental (element of the crime) fact from proof by the prosecutor of the basic one and that places no burden of any kind on the defendant.' Id., 60 LE2d 777." *Skrine v. State,* 244 Ga. 520 (260 SE2d 909) (1979).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED MARCH 4, 1980 — DECIDED APRIL 9, 1980 — REHEARING DENIED MAY 2, 1980 —

*Erwin Mitchell, Neil Wester,* for appellant.
*Stephen A. Williams, District Attorney, Dianne Cook, Assistant District Attorney,* for appellee.