61698. COOK v. THE STATE.

DEEN, Presiding Judge.

The defendant, a nightclub security man, was indicted and convicted of aggravated assault on two patrons by inflicting a severe beating and injuries on each. The state's evidence places him as having made the two assaults without cause about twenty minutes apart on his employer's premises in the course of ejecting one of the patrons. The defendant denied having hit one of the victims and claimed to have hit the other in self-defense. The sufficiency of the evidence to support the conviction is not in question.

1. The attacks took place in the early morning hours of February 26, 1980. Over objection two witnesses were offered whom the defendant on cross examination denied having seen at the Twilight Club; they testified that without any previous altercation and as they were leaving the premises in the early morning hours of September 13, 1979, they were assaulted and beaten on the head by the defendant. The court eventually allowed this testimony for

impeachment purposes. Under the circumstances we hold the ruling proper. The test to be applied here is whether the two offenses are so connected that proof of one tends to prove the other in some way other than by the mere fact that the crimes, being similar, show a common bent of mind. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1953). These cases meet this criteria. One does not expect a nightclub security officer to attack and beat patrons without cause and then deny the attack. These incidents occurred within seven months of each other on the employer's premises in the small hours of the morning. In both the victims testified that the defendant attacked them without provocation and inflicted severe head wounds. In both instances more than one witness testified to the facts of the case, and in each the defendant categorically denied that any such confrontation took place. In these respects the facts are distinguishable from *French v. State,* 237 Ga. 620 (229 SE2d 410) (1976), an example of evidence without such probative value. No reversible error is shown.

2. It was held in *Rutledge v. State,* 155 Ga. App. 232 (270 SE2d 396) (1980) that the district attorney may, after motion for sequestration of witness granted, interview a witness after the trial starts "if this is necessary to his case and if he does not inform the witness of what others have testified or to what he is expected to testify." In *Smith v. State,* 244 Ga. 814 (2) (262 SE2d 116) (1979), it is stated that after sequestration of the witness it is proper for the district attorney to make a request in open court before the court permits an interview between them. The same rules, of course, apply to the defendant's counsel. In the present case a motion for sequestration was made by both sides. Thereafter, over defense counsel's objection that the sequestration grant did not apply as between him and his witnesses, the court ruled that both sides had appeared with multiple counsel or employees, that he intended the sequestration rule to be rigidly enforced, that he would be glad to grant permission for a witness to talk with authorized counsel and counsel had the right to speak with a witness "but I want it cleared on the record as to who's talking to whom." It is true that an absolute bar of the right of consultation between defendant and counsel may amount to a denial of the effective assistance of counsel. Geders v. United States, 425 U. S. 80 (96 SC 1330, 47 LE2d 592) (1976). No such prohibition occurred here. The ruling was quite proper.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 28, 1981.

*S. Richard Rubin,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Michael Whaley, H. Allen Moye, Assistant District Attorneys,* for appellee.