### 62472. SMITH v. THE STATE.

SOGNIER, Judge.

Smith appeals his conviction of credit card theft on the general grounds. He also contends that a state exhibit was admitted erroneously, over objection, and that the trial court erred by allowing the uncorroborated testimony of an accomplice to stand.

1. In regard to the general grounds, appellant's girlfriend and co-defendant, Marcelyn Gardner, went to work at Skyland Factory Outlet in May 1980. Shortly thereafter, one Maureen Dixon left her credit card at Skyland after making a purchase, and Gardner put it in her purse and took it home. She told appellant what she had done, and he directed her to get some more credit cards in the same manner and bring them to him. A few days later she took a credit card belonging to Wanda and Donald Crabtree that was left inadvertently at Skyland; she had no authority to take the cards. On June 6, 1980 a person identified as appellant used the Crabtree credit card, without authority, at a Richway store. Mrs. Crabtree testified that neither she nor her husband had authorized appellant to use their credit card. We find this evidence sufficient to establish credit card theft and to support the verdict in this case. Further, we find that a rational trier of fact (the trial judge here) could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. State's Exhibit 5 was a credit voucher for purchase of gasoline, signed "D. Crabtree" and showing the same license plate number as the number on appellant's car. Appellant objected to admission of the exhibit as a business record because no proper foundation was laid. No one from the business issuing the credit voucher testified, and under such circumstances it was error to admit the exhibit. Code § 38-711; *Martin v. Baldwin,* 215 Ga. 293, 302 (4) (110 SE2d 344) (1959);·*Martin v. State,* 135 Ga. App. 4, 6 (3) (217 SE2d 312) (1975). However, under the facts of this case the error was harmless. At most, it would be corroborative, circumstantial evidence that appellant had Crabtree's credit card in his possession. As there was *direct* evidence that appellant had Crabtree's card in his possession without authority at the Richway store on June 6, 1980, it was highly probable that the erroneous admission of this evidence did not contribute to the judgment in this case. *Johnson v. State,* 238 Ga.

59 (230 SE2d 869) (1976); *Hamilton v. State,* 239 Ga. 72, 76 (235 SE2d 515) (1977).

3. Lastly, appellant contends it was error to allow the uncorroborated testimony of an accomplice (Gardner) to stand. Appellant contends that the only corroboration of Gardner's testimony was State Exhibit 5, which was not admissible; thus, argues appellant, he was convicted on the uncorroborated testimony of an accomplice in derogation of Code § 38-121. However, § 38-121 provides that the testimony of a single witness is generally sufficient to establish a fact except "in any case of felony where the *only* witness is an accomplice . . ." (Emphasis supplied.) In the instant case Gardner's testimony was corroborated by Wanda Crabtree, who testified that the last time she used her credit card was in May 1980 at Skyland Factory Outlet and she realized a short time later that it had not been returned to her. She also testified that no one had authority to use her credit card at Richway on June 6, 1980. Additionally, appellant was identified positively by a security officer at Richway as the person using the Crabtree's Visa card on June 6, 1980. Thus, appellant's accomplice was not the only witness, and her testimony was corroborated amply by other witnesses, not just by State Exhibit 5. See *Felix v. State,* 143 Ga. App. 376, 377 (238 SE2d 734) (1977). Accordingly, this enumeration of error is without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 5, 1981.

*Sharon A. Shade,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wallace Speed, Assistant District Attorneys,* for appellee.