## 63750. LOCKE v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted for the offense of theft by receiving stolen property, the same being a Great Dane 42 foot flatbed trailer, the property of another, loaded with a certain design of roofing shingles the property of a transportation company, as bailee, said property having been stolen from the bailee and the defendant should have known said property was stolen, "said property not having been received and retained . . . with the intent to restore the same to its owner." The defendant was convicted and sentenced to serve a term of 10 years. We note, however, that the trial court, upon defendant's motion for a reduction of sentence, later modified and amended the sentence and authorized probation (two years probated after the service of eight years). Defendant's motion for new trial was

filed, amended and thereafter denied. Defendant appeals. *Held:*

The sole enumeration of error here is that the trial court erred in admitting into evidence over objections evidence of a totally independent theft of aluminum siding allegedly occurring several weeks before the incident here. Both of these incidents arise out of the thefts of loads of building materials. The trailer and the roofing shingles were found in the constructive possession of defendant. The jury simply did not believe defendant's account as to how the shingles were delivered to him by another. The trial court, in admitting the evidence of the theft of the aluminum siding, instructed the jury, "that insofar as the testimony relating to the siding is concerned, that this is being admitted only for the purpose of illustrating, if it does, intent, guilty knowledge, motive, method or scheme of operation and it is not to be considered by you for any other purpose."

In the argument the defendant contends that with reference to the stolen load of aluminum siding which was allowed in evidence for the purpose of showing the modus operandi of the defendant in regards to receiving stolen property, the presentation of this evidence resulted in a trial by ambush. However, that is not the basis for the enumeration of error. It was not shown that the defendant had been charged with or tried for receiving the stolen aluminum siding, and the contention of the defendant is that the state failed to prove absolutely essential evidence establishing the identity of the aluminum as ever having been in the defendant's possession. The theft of a load of aluminum siding was proven, the delivery of certain aluminum siding into the constructive possession of the defendant, its later delivery to two separate farm locations in north Georgia and testimony by the driver that the aluminum siding located in north Georgia "looks like the aluminum siding I had on my trailer," he being in the process of delivering the aluminum siding from where it was produced in an Eastman, Georgia facility to North Carolina and the testimony of an official of the manufacturer that the aluminum siding found at the location in north Georgia is produced only in the Eastman, Georgia facility. Defendant contends that the evidence simply does not show that the aluminum siding allegedly stolen was in fact the same aluminum siding previously in the possession of the defendant and further that the state failed to produce evidence that defendant knew or should have known that the aluminum siding in his possession was stolen.

The general rule is that evidence which in any manner shows or tends to show that the defendant has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible. However, there are several exceptions to this rule and among them is the

admissibility of evidence showing or tending to show the commission of crimes other than that for which the defendant is on trial, for the purpose of showing motive, plan, or scheme. See *Williams v. State,* 152 Ga. 498, 521 (110 SE 286); *Cawthon v. State,* 119 Ga. 395, 396 (4, 5, 6), 408-410 (46 SE 897); *Bacon v. State,* 209 Ga. 261, 263 (71 SE2d 615); *Lyles v. State,* 215 Ga. 229, 232 (2), 235 (109 SE2d 785). The evidence must be sufficient to establish the fact that the independent crime was committed by the defendant, satisfactorily connecting that defendant with the offense for which the defendant was indicted; and even if the evidence establishes the commission by the defendant of the independent offense, it is inadmissible until it be shown satisfactorily that the crime had some connection with the transaction then under investigation. See *Larkins v. State,* 230 Ga. 418, 421 (197 SE2d 367). First, there must be evidence that defendant was the perpetrator of the independent crime and, second, there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. See *French v. State,* 237 Ga. 620, 621 (229 SE2d 410); *Hamilton v. State,* 239 Ga. 72, 75 (235 SE2d 515); *State v. Johnson,* 246 Ga. 654 (272 SE2d 321). We do not agree that the evidence here would not have been sufficient for the jury to have made a determination that the defendant was, in fact, the perpetrator of the independent crime even though at the trial of the case sub judice he had not been indicted, tried or convicted. Clearly, there was sufficient similarity or connection between the independent crime and the offense charged so that proof of the former tends to prove the latter. We find no merit in the defendant's contention that the trial court erred in admitting over objection evidence of a wholly independent theft of aluminum siding which was shown to have been received and under the control of this defendant at one time.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 15, 1982—
REHEARING DENIED MAY 19, 1982 — ▮▮▮▮▮▮

*Guy E. Davis, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, A. Thomas Jones, Assistant District Attorneys,* for appellee.